GOTTESMAN, Admr., Etc., Plaintiff-Appellee, v. CLEVELAND (City), Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County

No. 20084.   Decided May 27, 1946

(HILDEBRANT, PJ, ROSS and MATTHEWS, JJ, of the First District sitting by designation.)

Harrison & Marshman, Cleveland, for Plaintiff-Appellee.

Lee C. Howley, Law Director, Cleveland, Ernest Halembeck, Asst., Cleveland, Kent H. Meyers, Special Counsel, Cleveland, for Defendant-Appellant.

## OPINION

By ROSS, J.

This is an appeal on questions of law from a judgment of the common pleas court of Cuyahoga county rendered in favor of the plaintiff upon a verdict. The pleadings and facts in a former trial of the case are set out in Gottesman v City of Cleveland, 142 Oh St 410. It appears that the evidence produced at the second trial here considered is not substantially different from that considered heretofore by the supreme court, and for a statement of the issues and evidence reference is made to such opinion of the supreme court.

The defendant appellant assigns as error the refusal of the trial court to instruct a verdict in its favor at the close of all the evidence. The trial court was and this court is bound by the law of the case pronounced by the supreme court.

Were it not for such former decision, this court might consider the conclusions of the supreme court in the Gottesman case at least modified by the later decision of that court in Taylor v Cincinnati, 143 Oh St 426 and Metzger v Pennsylvania, Ohio and Detroit Railroad Co., 146 Oh St 406.

Although the supreme court may not consider itself bound by the Gottesman case in 142 Oh St 410 or by the rule laid down in New York Life Ins. Co. v Hosbrook, 130 Oh St 101 applicable to courts of appeals, still the court considers itself bound by the conclusions of the supreme court upon pleadings and evidence substantially the same as considered by this court in the instant proceeding.

Complaint is made by the appellant that the trial court refused to give special instructions No. 1 requested by the defendant:

"I charge you as a matter of law, that municipalities in the management and control of their streets and public grounds, act in a governmental capacity and, hence, are not liable in such connection unless liability is expressly imposed by statute. But, in this state, even though municipalities are required by §3714 GC to keep the streets and public grounds open, in repair, and free from usage, they are liable to damages for injuries sustained only in consequence of their failure to use due care to keep them in a reasonably safe condition for public travel and use."

The court, however, did give special charge No. 2 requested by the defendant:

"I charge you, as a matter of law, that the duty resting upon municipal corporations under §3714 GC to keep their public grounds open, in repair and free from nuisance, requires reasonable care and vigilance in view of all the surroundings to keep such public grounds in a reasonably safe condition for use in the usual and ordinary modes, but does not exact that which is impracticable. They are not insurers of the safety of their public grounds and are liable only for negligence in failing to repair, remove, or guard against defects or obstructions and, unless you find that the City of Cleveland did not exercise reasonable care and vigilance in view of all the surroundings in maintaining that portion of Gordon Park where Ronald Gottesman was fatally injured, then your verdict must be for the defendant."

Any error which may have intervened by reason of the failure of the trial court to give special charge No. 1 requested by the defendant, was cured by the giving of special charge No. 2 which in effect covers the issue presented by defendant's special charge No. 1.

The court also refused to give special charge No. 4 requested by the defendant:

"IV. If you find from a preponderance of all the evidence that the sole proximate cause of the injuries and death of plaintiff's decedent were the acts of one or more boys rolling the pipe complained of, your verdict must be for the defendant."

Obviously this charge dealt with a matter not an issue in the case. The question was whether or not the defendant's negligence caused .the death of plaintiff's decedent. If it did not and no absolute nuisance existed causing such death, the defendant was not liable.

The special charge is a mere argument that if the sole negligence of another caused the death of plaintiff's decedent then the defendant could not have been negligent. Such an allegation in an answer of the defendant would have been subject to be stricken for irrelevance. A charge predicated upon such argument is properly refused. **Montanari v Haworth, 108 Oh St 8.**

It is claimed also that the amount of the verdict for $5000.00 was excessive.

The "next of kin" of the decedent in the instant case were his mother and father and brother and sister. **Karr v Sixt, 146 Oh St 527.**

The fourth, fifth, seventh, eighth and ninth paragraphs of the syllabus in this case are as follows:

4. "Under §10509-167 GC providing that in an action for wrongful death any award of damages is to be governed by the 'pecuniary injury' resulting from the death, a presumption of pecuniary injury ordinarily exists in favor of those persons legally entitled to services, earnings or support from ·the decedent.

5. No such presumption obtains as to collateral kindred having no legal claims on the decedent and the infliction of 'pecuniary injury' on them by reason of the death ought to appear from the evidence before they may be considered in the award of damages.

7. Where an action for the wrongful death of a minor child is brought for the benefit of his parents and his brothers and sisters as beneficiaries, the court should instruct the jury as to the considerations to be applied to each in fixing the amount of any damage award.

8. A general exception to the charge of a trial court does not raise any question of error as to an omission to give further correct instructions, but presents only questions as to errors of law existing in the charge as given. (**State v McCoy, 88 Oh St 447** approved and followed.)

9. If a charge is not confusing and misleading and is good as far as it goes, the omission of some matters which

might have been included is not fatal, unless the omission was called to the attention of the court and instruction requested."

The court instructed the jury in its general charge upon the question of damages as follows:

"Now if you find for the plaintiff you will come to a consideration of the question of damages. Ronald Gottesman was a child approximately five years old at the time of his death. The law provides that the plaintiff should be awarded an amount as damages which you think is proportionate to the pecuniary loss resulting from his death to his father, mother, and sister and brother, his heirs at law and next of kin, for whose benefit this action is brought.

In estimating these damages you have no right to consider any bereavement or grief suffered by these beneficiaries or any of them by reason of the death of Ronald or the loss of his society and companionship. You have no right to give damages as a punishment for the pecuniary value, that is the money value of the life that was lost to these beneficiaries. In other words, the damages should be equivalent for such money, property, services, support or other things of pecuniary value as you may consider from the testimony there was reasonable probability of their receiving from him had he not died at the time he did die."

Such charge should have drawn the distinctions mentioned in Karr v Sixt, but there was no request by the defendant for further amplification of the statement made by the court. If the defendant desired further statement by the court upon the element of damages it should have requested it.

It is claimed, however, by the defendant that there was no evidence or at least insufficient evidence to sustain the amount of the verdict.

It is true that the evidence upon this subject is meager. It is as follows:

"Q. You are Mrs. Bernard Gottesman, are you?
A. Yes, sir.
Q. Mrs. Gottesman, where do you live?
A. 3028 Becket Road.
Q. And you are the mother of the little boy who was

killed on June 1, 1940, aren't you?

A. Yes.

Q. How old was the youngster when he was killed?

A. Almost five.

Q. This picture which is marked plaintiff's exhibit F, how long before he was killed was that photograph taken?

A. Two weeks.

Q. Does that fairly represent his appearance at the time of his injuries and death? Will you tell us was he or was he not a healthly little boy?

A. Yes, he was healthy."

* * *

Q. He hadn't gone to school yet, I don't suppose?

A. No. Would have gone in September.

Q. How many other children do you have?

A. Two.

Q. Are they younger or older?

A. Older.

Q. Boys or girls?

A. Boy and a girl.

Q. How old is the other boy and how old is the girl?

A. The other boy is 14 and the girl is 11.

Q. What is the other boy's name?

A. Irving.

Q. And the girl?

A. Judith."

It does not appear what other evidence could have been introduced. A picture of the lad is included in the exhibits. In the absence of interrogatories it does not appear what amount the jury allowed for loss to the child's parents under a "presumption of pecuniary injury" and what amount, if any, was allocated as pecuniary loss to the brother and sister. In the absence of some means of identifying an improper allocation of damages and a request for a more ample charge the amount of the verdict may not be disturbed as being excessive or against the weight of the evidence.

The judgment of the common pleas court of Cuyahoga County is affirmed.

HILDEBRANT, PJ, ROSS and MATTHEWS, JJ, concur.