**IMMEL, Admr., Plaintiff-Appellee, v. RICHARDS, Defendant-Appellant.**

Ohio Appeals, Second District, Shelby County.

No. 151. Decided November 12, 1949.

H. K. Forsythe, Sidney, for plaintiff-appellee.

Taylor Cummins, R. E. Boller, Sidney, for defendant-appellant.

**OPINION**

By MILLER, PJ.:

This is a law appeal from a judgment for $5,000.00 for the wrongful death of the plaintiff's decedent, Thomas Eugene Immel, a child nine months of age.

The first five errors assigned are directed to the amount of the verdict, alleging that it was excessive and given under the influence of passion and prejudice. There is no evidence in the record which gives support to any of these charges. The appellant admits that the court properly charged the jury on the subject of damages by giving the special instructions requested by the appellant, but is contending that the verdict was so excessive that passion and prejudice of the jury may be presumed.

The law seems to be well established that substantial damages may be recovered by the parents of a minor child, or others who may have a right to bring an action to recover damages for his wrongful death, notwithstanding the fact that such child had never been gainfully employed, such damages to be measured by the experience and judgment of the jury enlightened by a knowledge of the age, sex, and physical and mental characteristics of the child, submitted, when available, with evidence as to the position in life and earning capacity of the parents, as well as evidence as to the rendition, if any, of house hold services by the minor. 149 A. L. R. 235.

In the case of **Ochsner, Admr., v. The Cincinnati Traction Company, 107 Oh St 33,** in considering the elements upon which the jury may base the estimate of the money value of a five and a half year old child to its parents, the court quoted with approval from 17 Corpus Juris, at page 42:

"The mental, moral, and physical characteristics of the child must be considered, as well as his expectation of life, in determining the extent of the pecuniary aid which he would probably give to his parents, and the jury are authorized to take into consideration the probable future increase of earning capacity of the child."

In the case of **Estridge v. Cincinnati Street Railway Co., 76 Oh Ap 220,** it was held that a verdict of $6,000.00 was not

excessive for the wrongful death of a male child eighteen months old.

The Court of Appeals for Cuyahoga County upheld a verdict for $5,000.00 for the death of a child approximately five years of age in the case of **Gottsman, Admr., v. City of Cleveland, 46 Abs 474.** In commenting upon the amount of damages, at page 480, the court says:

"It does not appear what other evidence could have been introduced. A picture of the lad is included in the exhibits. In the absence of interrogatories, it does not appear what amount the jury allowed for loss to the child's parents under a 'presumption of pecuniary injury' and what amount, if any, was allocated as pecuniary loss to the brother and sister. In the absence of some means of identifying an improper allocation of damages and a request for a more ample charge the amount of the verdict may not be disturbed as being excessive or against the weight of the evidence."

We recognize that in many of the earlier cases the awards under similar circumstances were in lesser amounts, but it is urged by the appellee that the economic conditions have changed, which fact may be considered by the jury. Citing **13 O. Jur. 305.** We are in accord with this legal principle and believe that the jury would have been justified in giving consideration to the present economic conditions. Even if we should be of the opinion that a lesser amount would have been proper, nevertheless the court can not substitute its judgment for that of the jury. **30 O. Jur., p. 124.** Before the court can find the damages awarded to be excessive it must appear that the award is so excessive as to manifestly show the jury was actuated by passion, partiality, prejudice or corruption. The damage must be flagrantly outrageous and extravagant, otherwise the court may not disturb the verdict. **30 O. Jur. 79, p. 122.**

The sixth assignment of error alleges that there was misconduct on the part of the jury. The record discloses that the jury after deliberating for some time returned to the court room and through its bailiff propounded to the court two written questions:

"Question 1. Did this man carry any insurance?
   (a) What kind?
   (b) How much?"

"Question 2. What portion of this accident and funeral expense did he pay?

(a) Or offer to pay?"

The court treated these inquiries as requests for further instructions and replied to them as follows:

"The court wishes to instruct you that if any of you have any idea that the defendant did or did not have any insurance, you should disregard such idea concerning insurance as that has no bearing on this case whatsoever—you are not concerned whatsoever with that—it should have no bearing on your verdict in this case. You can't consider that. It should be disregarded from your minds, so forget about the insurance question. Do not base any verdict on anything about insurance in this case. Is that clear to the jury?

To which question of the court, the jurors nodded in the affirmative."

And we quote further as to Question 2:

"The court instructs you that for the jury to consider funeral and medical expenses, it was upon the plaintiff to prove by a preponderance of the evidence that one of the beneficiaries herein either paid, or was obligated to pay, the funeral expenses and the medical expenses in this case. No evidence was offered so, therefore, the court instructs you that since no evidence has been offered, you should disregard those items in arriving at your verdict. Is that clear?

To which question of the court, the jurors nodded in the affirmative."

It is not suggested that the answers to the questions were incorrect but that when the subject of insurance arose the court on its own motion should have declared a mistrial and discharged the jury. The record discloses that all of counsel were present in the court room when the questions were propounded. The appellant raised no objection at the time and by his silence is presumed to have consented to the procedure adopted by the court. It is a well established general rule, subject to certain exceptions, that a reviewing court in appeals on questions of law will only consider such errors in the lower court as were preserved by objection, ruling, or otherwise in that court. The law imposes upon every litigant the duty of vigilance in the trial of a case and where the trial court commits an error to his prejudice he

is required then and there to challenge the attention of the court to that error. A just regard to the fair administration of justice requires that an opportunity should be given the court to avoid the commission of error upon trial, and that when an error is supposed to have been committed there should be an opportunity to correct it at once before it has had any consequences. **2 O. Jur. Par. 150, Part 1., p 296.**

We therefore hold that the appellant, having made no objection at the time the questions were propounded, cannot at this late hour complain of the procedure adopted.

We find that the court did not err in refusing to give the defendant's special charge No. 6 before argument. This charge was based upon special damages which were not in issue and it was therefore properly refused.

We find no error in the record and the judgment is affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.