(No. 32214.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* OLIVER DODGE, Plaintiff in Error.

*Opinion filed March 20, 1952.*

OLIVER DODGE, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and MICHAEL A. SHORE, State's Attorney, of Peoria, (DAVID C. MCCARTHY, of Peoria, and HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

Plaintiff in error, Oliver Dodge, was convicted in the circuit court of Peoria County at the September term, 1933, for the crime of murder and was sentenced, on a plea of guilty, to 150 years in the penitentiary. He now seeks a review of that conviction by writ of error, *pro se,* on the common-law record alone.

The plaintiff in error assigns as errors that, (1) the indictment was insufficient to charge him with the crime of murder; (2) the court failed to enter a finding and

verdict prior to the sentence; (3) the sentence was vague and indefinite; and (4) the record fails to show a waiver of trial by jury.

The record discloses that plaintiff in error, by his counsel, challenged the sufficiency of the indictment in the lower court by motion to quash. That motion was heard by the court and overruled. The motion is not a part of the record before us nor does the plaintiff in error specify wherein the indictment is insufficient. The indictment, which is a part of the record here, discloses that it charges that the plaintiff in error, Oliver Dodge, *alias* John Doe, on a day certain, within Peoria County, Illinois, did unlawfully, feloniously and wilfully, with malice aforethought, with a specifically described weapon, in a particularly described manner, wound a specific person, who died of that wound on the same day, and charged that the plaintiff in error did then and there kill and murder that person. We are unable to find any flaw in this indictment. *People* v. *Corder,* 306 Ill. 264.

Plaintiff in error's contention that the court was without jurisdiction to enter sentence without first entering a finding and verdict has no merit. The record shows that he entered a plea of guilty and under such plea, it follows, as a legal inference, that the court finds him guilty and it is unnecessary for the court to enter such finding. *People* v. *Bute,* 396 Ill. 588; *People* v. *Andrae,* 295 Ill. 445; *People* v. *Werner,* 364 Ill. 594.

The sentence imposed, which is alleged to be vague and uncertain, reads as follows: "Therefore, it is ordered and adjudged by the Court that the said defendant Oliver Dodge, alias John Doe, be taken from the bar of this Court to the common jail of said Peoria County, from whence he came, and from thence by the Sheriff of said Peoria County, to the Penitentiary of this State at Joliet, and be delivered to the Warden or Keeper of said Penitentiary, and the said Warden or Keeper is hereby required and

commanded to take the body of said defendant Oliver Dodge alias John Doe from and after the delivery thereof, and confine him in said Penitentiary in safe and secure custody for a term of One Hundred Fifty (150) years or until discharged by the order of the Department of Public Welfare of the State of Illinois in manner and form as provided by Statute, said term of imprisonment not to exceed the maximum nor be less than the minimum term, as provided by law for the crime of which said defendant was convicted and sentenced, the first day of said term in solitary confinement, and the residue thereof at hard labor." This sentence definitely fixed the place, the kind and the amount of punishment and was a definite and lawful sentence. *People ex rel. Crews* v. *Toman,* 367 Ill. 163.

Plaintiff in error's final objection is that the record fails to show that he waived trial by jury, either orally or in writing. We have frequently held that a plea of guilty itself constitutes a waiver of trial by jury, and it is therefore unnecessary for the record to contain any further showing of such waiver. *People* v. *Reese,* 410 Ill. 11; *People* v. *Clark,* 405 Ill. 483.

It appears from the record before us that plaintiff in error was 44 years old at the time of his conviction and under no disability of any kind. He was represented by counsel who challenged the sufficiency of the indictment and attempted, by motion, to impound certain evidence. The cause was called for trial on the regular calendar of the court, and the plaintiff in error, in open court, with his counsel asked leave to withdraw his plea of not guilty and enter a plea of guilty. The court fully advised him of his rights and admonished him of the consequences of the plea and accepted the plea of guilty only after plaintiff in error persisted after being so advised and admonished. Before sentence was imposed, the court heard evidence adduced by the parties in mitigation and aggravation and heard arguments of counsel thereon.

This record fails to show any error or the deprivation of any legal or constitutional right of the plaintiff in error but, on the contrary, shows that his rights were ably and amply asserted and protected at every stage of the proceedings.

Plaintiff in error was lawfully convicted and sentenced and the judgment of the trial court should be, and is, affirmed.

*Judgment affirmed.*