**HOWELL, In re.**

Juvenile Court, Allen County.

No. 6406.   Decided August 22, 1956.

Hon. Anthony Powers, Allen County Pros. Atty., Hon. Walter L. White, Asst. Pros. Atty., for the State of Ohio.
Hon. James Blair, for Jeanette Howell.

(WARREN, J., of Putnam County, sitting by assignment in Allen County.)

**OPINION**

By WARREN, J.

This matter came on to be heard upon a motion by the mother, Jeanette Howell, filed on April 30, 1956, for an order "modifying the former orders of this court with reference to the custody of her minor child, Cheryl Lynn Howell, and for an order granting to her the immediate custody and control of said child," and upon a motion filed June 27, 1956, by the Prosecuting Attorney on behalf of the State of Ohio "for a nunc pro tunc journal entry in the above captioned case." Jeanette Howell and her attorney, and the assistant prosecuting attorney of Allen County appeared for the hearing. There is no dispute in the facts as they are stipulated by counsel.

This is an action concerning a dependent and neglected child. On March 9, 1954, the former probate-juvenile judge, now on the Court of Appeals, "ordered the child temporarily committed to the care of the Allen County Child Welfare Board." The case was heard on the merits on March 9, 1954, and taken under advisement. Thereafter counsel for the mother filed a motion requesting the court to state in writing the conclusions of fact found separately from the conclusions of law. On May 5, 1954, the court made separate findings of fact and conclusions of law in a long and comprehensive decision at the conclusion of which the court decided as follows:

"The court further finds that Cheryl Lynn Howell is a dependent and neglected child in that she lacks proper parental care through the faults and habits of her mother and her condition and environment is such as to warrant the state in assuming the child's guardianship.

Wherefore it is ordered, adjudged and decreed that Cheryl Lynn Howell, minor child of Jeanette Howell, be and hereby is committed to the permanent custody of the Allen County Child Welfare Board." This is signed at the end by the juvenile judge but is not journalized.

Throughout this proceeding and a former proceeding the child has been in the custody of the Allen County Child Welfare Board and for sometime past has been in a foster home.

Counsel for the mother contends that the child was taken from her in the first instance in a prior neglect and dependency proceeding instituted about a week before the instant action, in a manner contrary to law. The court dealt with this as well as numerous questions of law in the findings of law and found the proceedings valid.

The court in his findings of fact discussed carefully and fully the facts in this case and this court does not deem it necessary to repeat them here. It is clear that the court had the best interests of the child in mind when he decided the case.

Counsel for the mother, Jeanette Howell, contends that she is able to furnish said child with a proper home, food, care and environment, and that, because the court's judgment was not journalized, the complaint is still pending and should again be heard on the merits.

All courts of record have an inherent common law power to enter, where proper, judgments nunc pro tunc.

In 49 Corpus Juris Secundum, No. 118 at pages 247 and 248 it is stated:

"There is an inherent common-law power in the courts, independent of any statute, to cause the entry of judgments nunc pro tunc in proper cases, and in furtherance of justice. This power belongs to all courts of record." * * *

The Juvenile Court of Allen County, Ohio, by virtue of §2151.07 R. C. is within the probate court and presided over by the probate judge and is a court of record.

Sec. 2151.07 R. C., provides:

"The juvenile court, or the court of common pleas, division of domestic relations, of any county, separately and independently created, established, and functioning as such, has and shall exercise the powers and jurisdiction conferred in §§2151.01 to 2151.54, inclusive, R. C. Except in counties in which there now is, or may hereafter be created, a separate and independent juvenile court or court of domestic relations, there is hereby established within the probate court a juvenile court, presided over by the probate judge, which shall be a court of record and exercise the powers and jurisdiction of such a court." * * *

In addition to its inherent common-law power to enter judgments nunc pro tunc, §2101.13 R. C. specifically empowers the probate judge to make entries omitted by his predecessor. In a combined probate-juvenile court this statute also applies in juvenile court.

Sec. 2101.13 R. C. provides:

"When a probate judge, whether elected or appointed, enters upon the discharge of his duties, he shall make, in the respective books of his office the proper records, entries, and indexes omitted by his predecessors in office. When made, such entries shall have the same validity and effect as though they had been made at the proper time and by the officer whose duty it was to make them, and such judge shall sign all entries and records made by him as though such entries, proceedings and records had been commenced, prosecuted, determined and made by or before him."

Sec. 2101.13 R. C. is a statutory recognition of the nunc pro tunc principle and in no way limits or restricts the common law power of the probate court to render judgments nunc pro tunc in proper cases.

Sec. 2101.12 R. C. provides in part as follows:

"The following books shall be kept by the probate court:" * * *

"(E) A journal, in which shall be kept minutes of official business transacted in the probate court, or by the probate judge, in civil actions and proceedings;"

"* * *

"(G) A final record, which shall contain a complete record in each

cause or matter of the petitions, answers, demurrers, motions, returns, reports, verdicts, awards, orders, and judgments, which shall be completed within ninety days after the final order or judgment has been made in said cause or matter;" * * *

Sec. 2101.32 R. C. provides in part as follows:

"The probate judge shall have the powers, perform the duties, and be governed by the rules and regulations provided for the courts of common pleas and the judges thereof in vacation. The sections of the Revised Code governing civil proceedings in the court of common pleas shall govern like proceedings in the probate court when there is no provision on the subject in chapters 2101. to 2131., inclusive, R. C."

Sec. 2323.25 R. C., provides:

"When the judicial acts or other proceedings of a court have not been regularly brought up and recorded by the clerk, such court shall have them made up and recorded within such time as it directs. When made up, and found to be correct, the presiding judge shall sign them."

By virtue of said §§2101.32 and 2323.25 R. C., provisions on rules of practice for the Court of Common Pleas govern the probate court where there are no specific statutes in the code in the chapters directly applying to the probate court.

The entering of this judgment on the journal by the Probate-Juvenile Court is mandatory by virtue of §2323.22 R. C.

Sec. 2323.22 R. C. provides:

"All judgments and orders must be entered on the journal of the court, and specify clearly the relief granted or order made in the action. The entry must be written into the journal as soon as the entry is filed with the clerk or directed by the court and shall be journalized as of the date of the filing of said entry or of the written direction by the court."

The Supreme Court of Ohio in the case of **National Life Insurance Co. v. Kohn, 133 Oh St 111**; 11 N. E. (2nd), 1020, recognized the power of courts to enter judgments nunc pro tunc. Syllabus one says:

"Courts possess inherent common-law power to enter nunc pro tunc judgments or orders in proper cases."

And syllabus two states:

"The power to enter such judgments or orders is restricted ordinarily to the subsequent recording of judicial action previously and actually taken."

The court has not only the power but has the duty to complete its records to make them speak the truth.

In 10 A. L. R. at page 566 it is stated:

"A judgment nunc pro tunc simply consumates what the court adjudged but imperfectly performed." * * *

The jurisdictional question raised by counsel and all other questions of law were decided by the former judge at the hearing on the merits.

A decision made by one judge becomes the law of the case which the succeeding judge must follow in the same court, between the same parties, in the same or similar proceedings.

In 21 C. J. S. No. 195 page 330 this definition appears:

" 'Law of the case' is the controlling legal rule of decision, as estab-

lished by a previous decision, between the same parties in the same case." * * *

In **14 O. Jur. (2nd) 219** at page 649 it is stated that:

"A decision made by one judge of a court will be accepted as the law by a subsequent judge sitting in the same court." See also: **Gottesman v. Cleveland, 142 Oh St 410, 46 Abs 474, 70 N. E. (2d), 49; Walbridge v. Union Mfg. Co., 7 O. N. P. 430.**

The former judge having pronounced his decision finding the child, Cheryl Lynn Howell to be dependent and neglected, it is ordered as of May 5, 1954, that a nunc pro tunc entry be prepared and entered on the journal in conformity therewith ordering the child permanently committed to the custody of the Allen County Child Welfare Board.

The mother, Jeanette Howell, on April 30, 1956, filed an application to modify the former order of the court and to change the custody and control of the child to her, the mother.

**Sec. 2151.38 R. C.**, provides in part as follows:

"When a child is committed to '* * *' or to the permanent custody of '* * *,' 'or to a county department of welfare which has assumed the administration of child welfare, county child welfare board, or certified organization, the order shall state that such commitment is permanent and the jurisdiction of the juvenile court in respect to the child so committed shall cease and terminate at the time of commitment;' "
* * *

The child having been permanently committed on May 5, 1954, to the care and custody of the Allen County Child Welfare Board, this court has no further jurisdiction over her.

The application for modification and change of custody is dismissed. Exceptions allowed.

Entries may be drawn in accordance with this opinion.