**STEWART, Petitioner, v. ALVIS, Warden, Respondent.**

Common Pleas Court, Franklin County.

No. 196604.   Decided February 13, 1957.

284

Walter Stewart, Columbus, per se.
William B. Saxbe, Atty. Genl., Columbus.

## OPINION

By BARTLETT, J.

This is a proceeding in habeas corpus, wherein the petitioner seeks his release from the Ohio Penitentiary to which he was sentenced by the Common Pleas Court of Mahoning County in 1949, after the jury had returned a verdict finding him guilty of uttering and publishing a forged instrument.

The Respondent's return stated that he had custody of the said Walter Stewart since the 2nd day of June, 1949, "by virtue of a certain mittimus issued by the Court of Common Pleas of Mahoning County, Ohio, copies of which are hereto attached and made a part of this return." Attached to said return is a certified copy of the indictment of said Walter Stewart and a certified copy of the Journal Entry showing the Court pronounced the judgment and sentence of said Stewart, "to be imprisoned and confined under §13083 GC, * * * for a term of not less than one year nor more than twenty years * * *."

At the trial in the instant case, certified photostat copies were admitted in evidence of the indictment, journal entry of the judgment and sentence, verdict of the jury, the docket entries of the clerk and the Court's docket with the judge's recital in his own handwriting of the full proceedings in the trial of said Walter Stewart, including the pronouncement sentence ordering said Stewart to be confined in the penitentiary, etc.

The petitioner charged in his petition that since June 2, 1949, he had been "held as a prisoner in the custody of the respondent warden

herein by virtue of an invalid mittimus which is in the form of a certified sentence, and a certified Journal Entry, * * * certified and signed by two Deputy Clerks of the Court of Common Pleas of Mahoning County, Ohio," * * * who had no power to so certify or sign "any order, judgment, entry or sentence of the court, except when such process had been duly signed by the Judge who rendered such process."

Thereupon the petition charges that the court or judge never signed any sentence or journal entry so certified aforesaid.

It is conceded that the Court never signed any written sentence or journal entry in the petitioner's case. The Court orally pronounced sentence and judgment, and the Clerk entered such judgment and sentence in the journal as certified.

Sec. 2949.12 R. C. (§13455-1 GC), provides:

"A convicted felon shall be conveyed to the place of imprisonment by the sheriff, * * * and delivered into the custody of the head of such institution, with a copy of such sentence which shall clearly describe the offense and designate the sections of the Revised Code under which the conviction was had, together with a copy of the indictment. The clerk of the court of common pleas shall furnish said copies of the sentence and indictment."

This statute, in other words, sets out the essential requirements of the mittimus issued by the Clerk of Court, to accompany the prisoner to the institution; and the petitioner says his mittimus is invalid. The things required under this statute constitute no part of the judicial acts of the Court. **State v. Peters, 43 Oh St 629.**

"If it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ of habeas corpus shall not be allowed. If the jurisdiction appears after the writ is allowed, **the person shall not be discharged by reason of any informality or defect in the process, judgment, or order.**" (Emphasis ours.) Sec. 2725.05 R. C. (§12165 GC).

"The remedy as to errors or irregularities in the conduct of a criminal trial or in the sentence of an accused is by appeal and not by an action in habeas corpus, where the court has jurisdiction of the crime and the person. **In re Whitmore, 137 Oh St 313,** * * *; **Ex parte Van Hagan, 25 Oh St 426;** Sec. 2725.05 R. C." Per curiam opinion, **In re Kramer, 163 Oh St 510, 511.**

"Counsel for defendant claim that some time after sentence and judgment were pronounced, the exact date not being stated, the assistant prosecuting attorney prepared an entry and submitted it to counsel for defendant for approval, and that, because the entry was submitted, counsel for defendant were misled into believing that the time within which to prosecute an appeal was not running. **No showing is made that counsel for defendant were not present or aware that sentence and judgment had been pronounced on October 30, 1948.**" (Emphasis ours.) Wiseman, J., in his opinion on behalf of the Court of Appeals of Frank-

lin County (1949), in the case of State v. McGahan, 86 Oh Ap 283, 284.

This branch of the court allowed the Writ of Habeas Corpus to issue in the instant case, with the feeling that Mr. Stewart was entitled to a hearing in open court, based upon the apparent decision in the Dean case by the Court of Appeals of this District, even though we were inclined to view that decision as erroneous, in the light of the Supreme Court decision, In re Kramer, supra, and the limitations presented by §2725.05 R. C., supra, upon a proceeding in habeas corpus, as a remedy to correct errors or irregularities in the conduct of a criminal case or in the sentence of the accused.

In the meantime, Leach, J., a colleague in this court, rendered an able and well considered decision in the case of Foglio v. Alvis, Warden, etc., No. 196,808, dockets of this court. In that case. Leach, J., declined to consider the action of the Court of Appeals in the Dean case as a binding legal precedent on this court, since "the attorney for the respondent conceded that Dean was entitled to his release from the penitentiary. Because of such fact, that court had no occasion to examine carefully into the law or to render any considered decision as to the questions which could have been raised but were not." Leach, J., found in the Foglio case, supra, that the respondent Warden did not receive any papers with reference to the prisoner, signed by the judge who pronounced sentence.

"Instead in literal compliance with §2949.12 R. C., the Clerk of Courts furnished to the Sheriff, who delivered into the custody of the respondent 'a copy of such sentence which shall clearly describe the offense and designate the sections of the Revised Code under which the conviction was had, together with a copy of the indictment.' The clerk certified the same to be 'a true copy of said judgment and sentence' and further certified that such was taken from the Journal of the Court, referring to the specific volume and page number of such Journal."

Thereupon, Leach, J., held:

"Neither this statute nor any other statute nor any principle of law required the signature of the sentencing judge."

The petitioner Foglio was remanded to the custody of the respondent Warden, by Leach, J., and his petition dismissed.

Just a few days ago, the Court of Appeals of Franklin County rendered a decision in the habeas corpus case of Reiter v. Alvis as Warden, Case No. 5630, in which that court refused to recognize the Dean case in its own court as a precedent. Miller, PJ., in the Reiter case, speaking for the court, said:

"The record reveals that the petitioner is being held in said prison upon a certain mittimus from the Common Pleas Court of Seneca County, consisting of (1) a copy of the indictment; and (2) a copy of the judgment and sentence to the Ohio Penitentiary. These were filed in compliance with §2949.12 R. C. and constitute the authority for the prisoner's detention by the respondent warden. The one and only ground upon which the prisoner relies is that no signed entry was issued to the Clerk ordering that the sentence pronounced in court be journalized. The judgment has, however, been journalized and when this act is completed it constituted the judgment of the court. * * * Such a judgment

is not open to collateral attack when the record discloses that the court had jurisdiction of the parties and the subject of the action * * *."

Miller, PJ., continued:

"Even if the plaintiff were correct in his contentions and the judgment was improperly entered, which we do not concede, the only remedy available to him would be by motion to correct the sentence." * * *

"The petitioner cites the case of Dean v. Alvis, No. 5590, by this court and unreported, in which a writ was allowed and the prisoner was remanded to the Sheriff of Franklin County for further proceedings according to law. This case was presented to the court while it was in session, upon representation that no sentence had been pronounced. The facts and the entry were agreed upon by counsel. The Court did not have the opportunity to analyze the facts and prepared no opinion. However, in the cited case the prisoner was not ordered discharged. We therefore decline to follow this case as a precedent."

In the case of **State, ex rel. Moore, v. Alvis,** our Court of Appeals held in **Syl. 2, 94 Oh Ap 464,** as follows:

"Where, in a prosecution for murder in the first degree, the record of the proceeding discloses clearly that the accused and his counsel appeared in open court and with the consent of the prosecuting attorney and the approval of the court withdrew pleas of 'not guilty,' and 'not guilty, by reason of insanity' and entered a plea of guilty of murder in the second degree under which such accused was sentenced, and where the journal entry effecting such substitution of pleas recites that the accused withdrew the plea of 'not guilty' and omits to recite that the accused withdrew the plea of 'not guilty, by reason of insanity,' such omission may be supplied nunc pro tunc."

See also **Benedict v. State, 44 Oh St 679,** and **State v. Montavon, 26 Abs 682.**

In the Moore case, supra, on p. 466, the Court of Appeals of this county in its Per Curam opinion, says:

"The judgment entry does not completely recite the action of the trial court, and should be modified by a **nunc pro tunc** order.

"Since we find that the court had jurisdiction in the criminal prosecution, the petitioner is not entitled to be released from custody. Petitioner remanded to custody."

In other words, the second tragic mistake of the Court of Appeals occurred when the prisoner Dean was remanded to the sheriff for further proceedings according to law, since under the Moore case, where the Court of Appeals ordered the record of the lower court completed by a nunc pro tunc order, it properly remanded the prisoner back to the penitentiary. Certainly the presence of the prisoner is not essential where the lower court is required to merely correct or complete its record.

In any event, the only thing required in the Dean case after it was remanded to the trial court, was a nunc pro tunc order to supply any omission from the journal entry, as the Dean case falls squarely within the doctrine of the case of Benedict v. State, supra, wherein it was held that any such omission from the journal entry may be supplied by a nunc pro tunc order at a subsequent term, where the order actually

made appeared upon the trial docket. In the Dean case the entire proceeding was recited on the trial docket in the handwriting of the late Judge Clifford, including the overruling of the motion for a new trial and the sentence of the prisoner to the Ohio Penitentiary for life, on the verdict of guilty of first degree murder returned by a jury of this county.

"2. The rendition of judgment is an oral or written pronouncement by the court of its conclusions and decision upon the matter submitted to it for adjudication.

"3. Rendition and entry are separate acts and different in their nature. The rendition of a judgment is a judicial act; its entry upon the record is merely ministerial.

"4. The ministerial act of entering a judgment previously rendered is not prevented by the death of the judge.

"5. Where the evidence justifies the same, and the facts are such as to require the recognition of the pronouncement of a judgment by the court in the interest of justice, the court has the unquestioned power to make the entry and to require it to reflect the actual fact." **Boyle et al. v. Glidden Co., et al., 23 O. O. 3.**

"And so far as the ministerial act of entering a judgment previously rendered is concerned, it is not prevented or affected by the mere fact that in the meantime the judge's term of office has expired. In case of the death of a judge the situation is substantially identical with that arising when his term of office expires and the same rules are applicable." Freeman on Judgments, 5th Edition, Section 58, pages 103 and 104.

So held in 1857 in the case of **Hollister et al. v. The Judges etc., 8 Oh St 202,** where the term of office of two of the judges of the court had expired, the Supreme Court of Ohio ruled:

"2. To make such correction, the court may hear evidence and act on the proof; and it is not essential to the action of the court that the judges act on their personal knowledge of the error.";
and thereupon awarded a peremptory writ of mandamus.

"7. A decision made by one judge becomes the law of the case which the succeeding judge must follow in the same court between the same parties, in the same or similar proceedings." **In re Howell, 74 Abs 217,** wherein the court ordered an omitted order journalized nunc pro tunc.

If the warden of our penitentiary and the superintendents of our reformatories permitted the same carelessness and stupidity shown in the Dean case, the inmates of such institutions would hardly need habeas corpus as a means of release.

This Court finds that the judge of this court is not required to sign a written journal entry in sentencing a prisoner; but that the judgment is complete when the judge orally pronounces sentence in open court, and the clerk enters such sentence in the journal.

Moreover, this Court finds that where the journal record needs to be completed or corrected, so as to show the actual sentence pronounced previously, it is not essential that the prisoner be present, so he should be remanded to the custody of the institution to which he was sentenced.

The petitioner herein is remanded to the custody of the respondent warden and the petition is dismissed.