(No. 34991.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH DOMICO, Plaintiff in Error.

*Opinion filed January 23, 1959.*

JOSEPH DOMICO, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and WILLIAM L. GUILD, State's Attorney, of Wheaton, (FRED G. LEACH, WILLIAM H. SOUTH, WILLIAM J. BAUER, and DOUGLAS F. COMSTOCK, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Defendant, Joseph Domico, brings this writ of error to review the judgment of the circuit court of Du Page County, wherein he was convicted of a crime against nature, and sentenced to serve a term of not less than two nor more than five years in the Illinois State Penitentiary.

The record discloses that the defendant was indicted on April 11, 1957, by the grand jury of Du Page County, on two counts. The indictment, in each of its two counts, charged defendant with the commission of an infamous crime against nature upon and with a certain named male person on the 24th day of March, 1957.

An April 26, 1957, the defendant was arraigned. In the presence of his attorney he received a copy of the indictment, a list of the witnesses and the jurors, and entered a plea of not guilty. The court thereupon ruled that his bond would stand, and set the trial for May 13.

On May 13, defendant and his attorney appeared in court, whereupon the attorney requested and received leave to withdraw as counsel and the cause was continued.

On June 10, 1957, defendant appeared in court with his new attorney and moved to withdraw his plea of not guilty and asked that he be allowed to plead guilty. At the same time he asked leave to file an application for probation. The court thereupon ascertained that defendant was forty years of age, and, stating that defendant was there charged with crime against nature, asked the defend-

ant if he wished to withdraw his plea and enter a plea of guilty. Defendant answered that such was his counsel's advice. The court then asked what he wanted to do, and defendant said he would follow the advice. The court then pointed out that on a plea of guilty defendant could be sentenced to the penitentiary for a term of from one to ten years, and the court could fix the minimum and maximum time. The defendant stated that he understood and persisted in his plea of guilty. The court thereafter on July 12, 1957, sentenced defendant to the State penitentiary at Joliet, Illinois, for a term not less than two years nor more than five years.

He now comes to this court contending (1) the court erred by entering judgment of sentence without sufficient formal order withdrawing his former plea, (2) the court erred in entering judgment of sentence by failing to accept and record defendant's plea of guilty, (3) the record fails to show a plea, (4) that in examining the defendant upon his motion to withdraw his plea of not guilty and substitute a plea of guilty, the court failed to comply with the requirements of section 4 of division XIII of the Criminal Code, (Ill. Rev. Stat. 1953, chap. 38, par. 732,) (5) the court entered judgment without fully explaining to defendant the consequences of entering his plea of guilty and without explaining his right to trial by jury, and (6) the court erred in entering judgment without explaining to defendant his rights under the law.

The first three issues and part of the fourth issue raised by the defendant all raise essentially the same point: that the court erred in failing to show of record a formal order withdrawing the plea of not guilty, and accepting and recording a plea of guilty. Section 4 of division XIII of the Criminal Code provided, in part, that "if the party persist in pleading 'guilty' such plea shall be received and recorded, and the court shall proceed to render judgment * * * thereon." The record shows that "it is ordered

by the Court that the plea of not guilty heretofore entered herein be and the same is withdrawn, and Defendant Joseph Domico a.k.a. Joseph D'Mico, being arraigned for plea says that he is guilty as charged in the indictment herein.."

Defendant, however, insists that the transcript of inquiries by the court must show the withdrawal of one plea and the acceptance of the other. No such provision or requirement is found in either said section 4 or in Rule 26 of this court (Ill. Rev. Stat. 1957, chap. 110, par. 101.26.) We have determined previously that all that is required is that the record show that defendant entered a plea of guilty, for under such plea, it follows, as a legal inference that the court found him guilty. It is unnecessary that the court enter a finding of guilt. (*People* v. *Dodge,* 411 Ill. 549.) The record in· this case adequately discloses the allowance of the withdrawal of the plea of not guilty, the acceptance of the plea of guilty, and legally infers a finding of guilt on the part of defendant.

The last two issues and part of the fourth issue raised by defendant also raise an identical point: That the court failed to fully admonish defendant as to, or to explain to him, the consequences of a plea of guilty in this case. The defendant was represented by counsel, was informed of the nature of the charge against him, waived reading of the indictment, received a list of the witnesses and the jurors, and upon requesting leave to enter plea of guilty was informed that on such a plea it was the province of the court to sentence him to the penitentiary for not less than one nor more than ten years, and to fix the minimum and maximum terms that he would serve. The issue upon which defendant dwells is that the court failed to inform him of his right to trial by jury on the charge, and that he would forego such right by a plea of guilty.

Defendant cites to the court the case of *Krolage* v. *People,* 224 Ill. 456, decided in 1906. At that time the Criminal Code required that "where the party pleads 'guilty'

such plea shall not be entered until the court shall have fully explained to the accused the consequences of entering such plea." The same language is found in our present section 4 of division XIII of the Criminal Code. The court in the *Krolage case* found that the mere inquiry whether the accused understood that if he pleaded guilty the court would sentence him was inadequate, as the length of time which he might be sentenced to serve in the penitentiary and his right to a trial by jury if he entered the plea of not guilty were left entirely to his own knowledge and information, unexplained by the court. This case has been later cited, but never as authority for the proposition that the right to trial by jury on a not guilty plea must be explained, where the defendant moves to change his plea to guilty.

This court, by our Rule 26, only requires a transcript be taken, on a plea of guilty to a criminal charge, of the "inquiries of the court, and the answers of the accused to determine whether he understands his rights to be indicted by a grand jury and to be represented by counsel and comprehends the nature of the crime with which he is charged and the punishment thereof fixed by law." The record and transcript filed herein are not as satisfactory as most of the records that come before this court, but they do meet the minimum requirements. There is no requirement of a transcript showing the explanation or statement of an accused's right to trial by a jury on a plea of not guilty.

Moreover, in this case, the defendant first pleaded not guilty and was present with his counsel when the court set his case for trial by the next jury, and determined that the next jury met on May 13, 1957. In *People v. Flathers,* 414 Ill. 486, we held that all the requirements of the rule must be carefully complied with, but the remarks and advice of the court must be read in a practical and realistic manner. We held that if an ordinary person in the circumstances of the accused would understand them as conveying

the information required by the rule, the essentials have been complied with. Thereafter, in the case of *People v. Washington,* 5 Ill.2d 58, in applying the above *Flathers* language, the court found that we could not indulge in the presumption that defendant's counsel had explained the consequences of the plea, but the requirements must be reasonably spelled out.

Here the requirements of the rule were specifically spelled out by the court, and the defendant was certainly aware of his right to trial by jury upon his plea of not guilty. While the court did not specifically state, upon receiving a plea of guilty, that had defendant persisted in his previous plea of not guilty he would have been entitled to a jury trial, defendant, by the prior proceedings in this case, was reasonably informed of that right. In addition, a plea of guilty constitutes a waiver of trial by jury, and the record need not contain a further showing of the waiver. (*People v. Dodge,* 411 Ill. 549.) The consequences of the plea of guilty, his rights, and the requirements of our Rule 26 were made adequately known to defendant, and no error is shown by this record in that regard.

The judgment of the circuit court of Du Page County is, therefore, affirmed.

*Judgment affirmed.*