**STATE of North Dakota, Plaintiff and Respondent,**

v.

**Warren Allen WILLMS, Defendant and Appellant.**

**Cr. 302.**

Supreme Court of North Dakota.

Sept. 17, 1962.

Glenn R. Moody, Jr., Jamestown, for defendant and appellant.

Leslie R. Burgum, Atty. Gen., Bismarck and James R. Jungroth, State's Attorney, Jamestown, for plaintiff and respondent.

STRUTZ, Judge.

The defendant was charged with the offense of obtaining property under false pretenses. The information charges that the defendant obtained certain property, a watch and some cash, by aid of a token in writing, such token being a check dated April 3, 1962, drawn on the American National Bank of Valley City. At the time of giving such check and obtaining such property, the defendant had no account in the bank on which the check was drawn.

The defendant was arrested the same day on which he issued this check. The record discloses that, on the day following his arrest, the defendant waived preliminary hearing before the county court and was bound over to the district court on $5,000 bail. In default of bail, he was committed to the county jail to await trial.

On April 9, the defendant appeared in open court with his attorney and was arraigned. On being asked to plead to the information, defendant stood mute and the court ordered a plea of not guilty to be entered.

On April 23, the defendant again appeared in open court with his attorney, at which time the defendant moved for a hearing out of the presence of the jury. Such motion having been granted, the defendant then moved that he be permitted to withdraw his plea of not guilty and enter, in lieu thereof, a plea of guilty. This mo-

tion also was granted and, upon return into open court, the defendant then entered his plea of guilty. On motion by the defendant, sentencing was deferred.

On April 25, the date to which the matter had been deferred, the defendant, with his attorney, appeared for sentencing. The court requested the State's Attorney to give a brief statement of the facts and to make any recommendation which he desired to make in the case. In giving such résumé of the facts, the State's Attorney informed the court that the defendant, on the day on which he had committed the offense with which he was charged, had also passed two other checks at two other business establishments in the city of Jamestown. The defendant objected to any unsworn statements of other offenses, of which he had not been convicted, as being highly prejudicial; and, further, objected to the introduction of the Federal Bureau of Investigation records on the ground that they were hearsay and could not properly be considered by the court for any purpose. The defendant also objected to questioning of the defendant prior to sentence.

This appeal is from the judgment and sentence of the court, and from the whole thereof.

■ The first ground urged as error by the defendant is that the trial court did not have jurisdiction to impose sentence in this case without a formal finding of guilty. We believe this argument is wholly without merit. Here, the defendant, appearing with counsel, moved the court for permission to withdraw his plea of not guilty and to enter, in lieu thereof, a plea of guilty. Where the defendant was thus sentenced upon his plea of guilty, the trial court is not required to enter a formal finding of guilty since such finding is inferred from the defendant's plea. After the entry of such plea of guilty, the sole duty of the court is to fix punishment and render judgment or sentence accordingly. People v. Bute, 396 Ill. 588, 72 N.E.2d 813, affirmed in 333 U.S. 640, 68 S.Ct. 763, 92 L.Ed. 986; Witte-

v. Dowd, 230 Ind. 485, 102 N.E.2d 630, cert. denied 344 U.S. 841, 73 S.Ct. 54, 97 L.Ed. 654.

Thus the defendant is sentenced upon his plea of guilty and the trial court is not required to enter a finding of guilty since such finding is inferred from the defendant's plea. People v. Dodge, 411 Ill. 549, 104 N.E.2d 633.

The next error urged is that the trial court erred in overruling the defendant's plea in abatement, defendant's motion to quash, and defendant's motion in arrest of judgment. The defendant contends that the trial court was without jurisdiction since the warrant for his arrest was issued on an "unsworn and perjured statement." The record discloses that, after accepting defendant's check and delivering to him the watch and cash in exchange for it, the clerk who had accepted the check became suspicious and talked to his employer. The bank on which the check was drawn was called, and it was discovered that the defendant had no account with such bank. Thereupon the police were notified and the defendant was located and taken into custody, after which the State's Attorney signed a criminal complaint upon which a criminal warrant was issued.

Defendant's arrest without a warrant was proper and legal, under the circumstances. Our law provides that there are various situations under which an officer may arrest a person without a warrant. Included in such situations are instances when the person arrested has committed a felony, although not in the presence of the officer, and on a charge, made upon reasonable cause, of the commission of a felony by the party arrested. Sec. 29–06–15, Subsecs. 2 and 4, N.D.C.C.

■ This court has held that the term "charge," within the statute authorizing an arrest without a warrant on a charge, made on reasonable cause, of the commission of a felony, does not mean "a formal written charge," but includes an oral charge or accusation made to a peace officer. Haggard v. First National Bank of Mandan, 72 N.D. 434, 8 N.W.2d 5.

Therefore, the arrest on the oral charge of the owner of the place of business which had accepted a check drawn on a bank in which the defendant had no account, was proper since such arrest was made on a charge, based upon reasonable cause, of the commission of a felony by the defendant.

■ The defendant also urges that the court erred "in overruling appellant's objections to the introduction of an unsworn copy of a document showing previous arrests which did not result in conviction." The defendant's objection refers to the report of the Federal Bureau of Investigation which discloses a number of arrests of the defendant, the first such charge showing no disposition and, consequently, no conviction. This F.B.I. report also discloses, however, three other prior charges of obtaining money under false pretenses which resulted in conviction and sentences to the work farm, the county jail, and the State penitentiary.

Clearly, the defendant's objection to the F.B.I. report is without any merit. Our statute specificly provides that the criminal record of the defendant furnished by the Federal Bureau of Investigation or by the State Superintendent of Criminal Identification or reports of a State parole officer may be received by the court without verification or other foundation as evidence in considering circumstances in aggravation or mitigation of punishment. Sec. 29–26–18, N.D.C.C.

The final allegation of error of the defendant to be considered on this appeal is that the trial court erred in overruling defendant's objection to the introduction of "hearsay evidence of nearly simultaneous offenses."

At the time the defendant appeared before the court for sentencing, the court requested the State's Attorney to make a brief statement of facts and to make any

recommendation which he might desire to make in the matter. The State's Attorney thereupon gave a statement of facts leading up to the defendant's arrest and also informed the court that the owner of the business establishment at which the defendant had passed the check, after learning that the defendant had no account in the bank on which the check had been drawn, "called the Chamber of Commerce and they began calling other business places. They found Mr. Willms on the same day had written a check at Solien's Clothing Store for $15.00 and obtained merchandise and cash; he had also written a check in the amount of $10 at Scheel's Hardware Store * * *." At this point, the defendant objected to the introduction of any statement of other offenses, and no further statement of circumstances in aggravation or mitigation of sentence was made by the State's Attorney.

After conviction, the trial court usually inquires into circumstances surrounding the defendant's arrest. He generally inquires into the defendant's past conduct. Our statute provides that such circumstances should, however, be presented as evidence by witnesses. Section 29-26-18 of the North Dakota Century Code provides, in part:

> "Circumstances in aggravation or mitigation of punishment must be presented by testimony of witnesses examined in open court, * * *."

The statute then excepts from this rule the criminal record of the defendant furnished by the Federal Bureau of Investigation, the State Superintendent of Criminal Identification, and reports of a State parole officer.

Most counsel who represent a defendant who has committed several acts for which he might be charged desire to have the court consider all of such offenses in passing sentence on their client so that he will not be subject to several separate prosecutions. For this reason, no objection is made to a State's Attorney's bringing all of such offenses to the attention of the court. However, our statute does clearly provide that any circumstances in aggravation or mitigation of punishment must be presented as evidence by witnesses in open court. That means "by testimony duly given under oath." Where the defendant objects to presentation of such circumstances by the hearsay statement of the State's Attorney, giving the information in any way other than as provided by statute, after such objection, would be error.

Since our statute provides for the presentation of evidence in mitigation or aggravation of punishment, the court may, and in most cases should, after conviction, hear evidence of circumstances surrounding the case which may have a bearing on the penalty to be imposed. If the defendant has matters which he wishes to present to the court, he may also request the privilege of presenting them. Sec. 29-26-17, N.D. C.C. The purpose of such presentation is to provide the judge with information on the defendant's environment, his mental and physical condition, and any other matters which might be of assistance in determining the punishment. The scope of this presentation rests in the discretion of the trial court. It in no way affects the guilt or the innocence of the defendant, which has been previously determined.

■ Here, the defendant stands convicted by his own plea of guilty. The court has the right, in determining the extent of the punishment to be imposed, to hear evidence of circumstances in aggravation or mitigation of punishment. But such evidence should, under our statute, be presented in the form of testimony of witnesses examined in open court in the presence of the defendant.

■ We have examined the record. The only unsworn statement with reference to any circumstance which might be considered in aggravation or mitigation of punishment, made after defendant's objection was

interposed, was the statement of the State's Attorney that several businessmen had looked for the defendant and had called the police when they found him, and that the defendant was taken to the police station where he gave certain statements. Nothing said after the defendant's objection was of a nature that would either aggravate or mitigate the punishment of the defendant. If the statement made after objection should be held to be reversible error, the State's Attorney would not be able to even state the name of the defendant or give his residence and age.

We find no prejudicial error in anything which the State's Attorney said after defendant's objection.

The judgment appealed from is affirmed.

SATHRE, C. J., and MORRIS, BURKE and TEIGEN, JJ., concur.