450 P.2d 719

**The STATE of Arizona, Appellee,**

**v.**

**Adolfo MADRID, Appellant.**

**No. 2 CA–CR 138.**

Court of Appeals of Arizona.

Feb. 26, 1969.

Rehearing Denied April 9, 1969.

Review Denied May 13, 1969.

208

Gary K. Nelson, Atty. Gen., by Carl Waag, Special Asst. Atty. Gen., Phoenix, for appellee.

Mary Stella Cota-Robles, Tucson, for appellant.

KRUCKER, Judge.

The defendant takes this appeal from a Cochise County Superior Court order which denied his motion to vacate a judgment of conviction and directed the clerk to correct an entry in the criminal docket.

On September 27, 1961, the defendant was charged by information with the offense of first degree burglary. On October 24, 1961, with counsel present, the defendant entered a plea of guilty to the charge and was sentenced on October 30, 1961. The minute entry order of the latter proceeding recites:

"The County Attorney * * * and the Defendant in person and by counsel * * * came into Court and this being the hour for sentence herein, the Court says: Adolfo Madrid, stand up. On the 27th day of September, 1961 you were informed against by the County Attorney of this county. To this information you pleaded guilty on the 24th day of October, 1961 to the crime of Burglary in the Night Time in manner and form as charged in the Information. Have you anything to say or legal cause to show why the judgment of this Court should not be pronounced against you?"

"The Court heard statements from * * * counsel for the defendant and after due consideration Ordered that the imposition of sentence be suspended for a period of 18 months providing the defendant make restitution of $40.00 for damages; refrain from drinking intoxicating liquors; be a law abiding citizen; and report to the probation officer once a month."

"It is further Ordered that said sentence to begin August 28, 1961 and that the Defendant be released from custody."

On June 7, 1968, the defendant filed a motion to "Vacate and Set Aside Void 'Judgment of Conviction'". The motion requested the court to set aside as void the October 30, 1961 order "purporting to be a judgment of conviction" for the reason that the court did not comply with the Mandates of the Rules of Criminal Procedure. The defendant contended: (1) that nowhere in the record did it appear that the court adjudged the defendant guilty nor did the record disclose a "judgment of conviction;" (2) that the record was in conflict in that the October 30th minute entry order recited suspension of sentence for 18 months whereas the Criminal Docket recited suspension for 5 years; (3) the record did not disclose a "final acceptance by the Court of the plea of guilty; and (4) there was no final judgment of conviction.

The defendant's request for relief was predicated on the fact that he was facing deportation and that one of the grounds for the deportation proceedings was that he was an alien "convicted of crime." A hearing was duly held on the defendant's motion at which the defendant was not present but was represented by counsel. The minute entry of this hearing recites:

"IT IS ORDERED: The Clerk is directed to correct the entry in Criminal Docket No. 16 at page 487 to read as follows: Judgment suspended for a period of eighteen months from August 28, 1961.

FURTHER ORDERED: The motion of defendant to vacate and set aside void 'Judgment of Conviction' is hereby denied."

On appeal, the defendant contends that his conviction is rendered void because of the court's failure to comply with the Rules of Criminal Procedure, 17 A.R.S. in sentencing him. This contention is predicated upon the fact that the minute entries of the proceedings in this case do not disclose the trial court's acceptance of the guilty plea, an adjudication of the defendant's guilt, and a rendition of judgment, as set forth in Rules 306, 321 and 322. No contention is made by the defendant that his plea of guilty was not in fact accepted, that the court did not find him guilty, and that judgment was not rendered in open court. The Rules upon which he relies impose no requirement that such matters be entered of record. Here the record reflects entry of the guilty plea. It therefore follows, as a legal inference, that the court found the defendant guilty and entry of a finding of guilt was unnecessary. People v. Dodge, 411 Ill. 549, 104 N.E.2d 633 (1952). Rule 325, Rules of Criminal Procedure, provide:

"A. Judgment shall be rendered in open court.

B. When judgment of guilty has been rendered, the court shall pronounce sentence in open court and it shall be entered of record."

Our Supreme Court has pointed out that minute entries are of necessity condensed. State ex rel. Jones v. Superior Court, 78 Ariz. 367, 280 P.2d 691 (1955). Rule 325 mandates *rendition* of judgment in open court. Rendition of judgment is a judicial act, i. e., pronouncement by the court of its decision. Stewart v. Alvis, Ohio Com.Pl., 75 Ohio L.Abst. 283, 144 N.E.2d 907 (1957); it is "rendered" when pronounced in open court. Gorum v. Samuel, 274 Ala. 690, 151 So.2d 393 (1963). It is clear that Rule 325 requires oral pronouncement of judgment and sentence in open court and entry of record of the sentence imposed. "Rendition" and "entry" are separate and distinct acts, the former being an act of the court and the latter being an act of the clerk. Carter v. Board of Zoning Appeals of City of Nashville, 214 Tenn. 42, 377 S.W.2d 914 (1964); Stewart v. Alvis, supra; Gow v. Multnomah Hotel, 191 Or. 45, 224 P.2d 552, 228 P.2d 791 (1951). The purpose of the "entry" requirement is to furnish a record of the crime of which the defendant was convicted and the sentence imposed so as to protect him against a subsequent prosecution for the same offense. People v. Becker, 80 Cal.App.2d 691, 181 P.2d 958 (1947); People v. Blackman, 223 Cal.App. 2d 303, 35 Cal.Rptr. 761 (1963). Although the minute entry here does not reflect the fact of "rendition", any defect in this regard does not invalidate the conviction. State v. Dowthard, 92 Ariz. 44, 373 P.2d 357 (1962); People v. Blackman, supra.

The defendant poses a challenge to the validity of his sentence because of the discrepancy between the minute entry order of October 31, 1961, and the recording thereof in the Criminal Docket with regard to the period of suspension of sentence, the former reciting 18 months and the latter 5 years. We find no merit to the defendant's claim of uncertainty. Since the minutes of the lower court speak for themselves and import verity, State v. Claytor, 3 Ariz.App. 226, 413 P.2d 285 (1966), they are controlling, while the docket, not being part of the record of the court, does not import verity. 49 C.J.S. Judgments § 126.

The defendant also challenges the propriety of the trial court's order correcting the entry in the Criminal Docket to conform to the October 31 minute entry. Entry of judgment is a ministerial act required to be done by the clerk of the court as distinguished from the judicial act of pronouncing judgment. 49 C.J.S. Judgments § 126. The challenged order was not a *nunc pro tunc* modification of the defendant's sentence in his absence, such as we have denounced in State v. Arce, 6 Ariz.App. 241, 431 P.2d 681 (1967). The object of a *nunc pro tunc* entry is to correct the record so as to make it speak the truth and not to supply judicial action. American Surety Co. of New York v.

**210**

Mosher, 48 Ariz. 552, 64 P.2d 1025 (1936). The order in question here did not attempt to supply judicial action and the trial court properly fulfilled its duty in directing correction of the docket entry. State v. Igo, 194 Kan. 550, 400 P.2d 968 (1965). The defendant's presence was not a condition precedent to such directive order. Stewart v. Alvis, supra.

Finding no merit to the defendant's claim of voidness, the order appealed from is affirmed.

MOLLOY, C. J., and HATHAWAY, J., concur.