THE STATE OF OHIO, APPELLEE, *v.* O'BANION, APPELLANT.

(No. 1363—Decided December 21, 1970.)

*Mr. Richard J. Wessel,* for appellee.
*Messrs. Marshman, Snyder & Seely,* for appellant.

HESS, J. This is an appeal on questions of law from an order of the Court of Common Pleas, Butler County, striking from the files a motion for a new trial following the conviction of the defendant, appellant herein, on three counts in one indictment charging the (1) possession of a narcotic drug, (2) possession of a hypodermic needle, and (3) possession of a narcotic drug for sale.

The indictment was filed on October 24, 1969. Thereafter, a jury was waived by defendant and the matter went to trial. Defendant was "convicted of the offense of possession of a narcotic drug contrary to Section 3719.09 of the Ohio Revised Code, possession of hypodermic needle contrary to Section 3719.172 of the Ohio Revised Code, and possession of [a] narcotic drug for sale contrary to Section 3719.20A of the Ohio Revised Code," and sentence was imposed by the court on December 8, 1969.

On December 11, 1969, the defendant filed a motion for a new trial which was heard on December 23, 1969, by the trial court. After a hearing on the motion for a new trial, the trial court, on December 23, 1969, signed and caused to be entered on the record the following entry:

"This day this cause came on to be heard on the defendant's motion for a new trial and the motion of the

prosecuting attorney to strike defendant's motion from the file. After due consideration thereof, the arguments of counsel and the law, the court finds the prosecuting attorney's motion well taken.

"It is, therefore, ordered, adjudged and decreed that the defendant's motion be and the same is hereby ordered stricken from the files to all of which the defendant excepts."

Since the transcript does not disclose that a written motion to strike the motion for a new trial from the files was filed with the court, and such a motion does not appear in the record, it must be determined that the motion to strike was made orally during argument on the motion for a new trial.

One of the assignments of error presented herein by the defendant is that: "The trial court refused to hear defendant's motion for a new trial and ordered the motion stricken from the files."

The simple question posed by this assignment of error is whether the trial court was required by law to sustain or overrule the motion for a new trial rather than strike it from the files. The answer to this question is found in the case of *State* v. *Montavon,* 26 Ohio Law Abs. 682, wherein the court held that a defendant in a criminal case has the right to file a motion for a new trial and that it is reversible error to strike such motion from the files. See also *Armstrong* v. *State,* 15 C. C. (N. S.) 368.

In the instant case, when the defendant filed a motion for new trial after his conviction, it was the duty of the court to determine the validity of such motion and it was reversible error to strike it from the files.

For the reasons given, the judgment entry striking the motion for a new trial from the files is reversed and this cause is remanded to the trial court with instructions to hear and pass on the motion for new trial.

*Judgment reversed and cause remanded.*

SHANNON, P. J., and HILDEBRANT, J., concur.