[Criminal No. 78.   Filed January 23, 1894.]

[36 Pac. 175.]

## TERRITORY OF ARIZONA, Plaintiff and Respondent, v. GEORGE W. HUNTER, Defendant and Appellant.

1. CRIMINAL LAW — APPEAL — NOTICE OF APPEAL — REV. STATS. 1887, PENAL CODE, PAR. 1866, CONSTRUED.—Under statute, *supra,* written notice of appeal in a criminal proceeding must be filed with the

clerk of the trial court to confer jurisdiction upon this court. A verbal notice of appeal given in open court and entered upon the minutes is insufficient.

2. SAME—SAME—REV. STATS. ARIZ. 1887, PENAL CODE, PAR. 1866—"STAYING" MISPRINT FOR "STATING."—In the statute, *supra,* reading: "An appeal to the supreme court of the territory is taken by filing with the clerk of the court, in which the judgment or order appealed from is entered or filed, a notice *staying* the appeal from the same," the word "staying" as printed is evidently a misprint of the word "stating."

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Yavapai. Edmund W. Wells, Judge. Dismissed.

The facts are stated in the opinion.

Baldwin & Johnston, and James H. Wright, for Appellant.

Francis J. Heney, Attorney-General, for Respondent.

SLOAN, J.—A motion to dismiss the appeal herein was made by the attorney-general upon the ground that no notice of appeal as required by section 1866 of the Penal Code was filed in the court below. There is a minute entry in the record reciting that counsel for appellant, after the overruling of the motion for new trial, in open court gave notice of appeal to the supreme court of the territory. Said section 1866 reads as follows: "An appeal to the supreme court of the territory is taken by filing with the clerk of the court, in which the judgment or order appealed from is entered or filed, a notice staying the appeal from the same." The word "staying," as printed in the statute quoted, is evidently a misprint of the word "stating." The section in the California Penal Code, from which ours was taken, confirms this reading. See Pen. Code Cal., sec. 1240. It is elementary law that where the statute points out a particular mode for taking an appeal that mode must be strictly adhered to in order to confer jurisdiction upon the appellate court. It is obvious that giving notice in open court that appellant intends taking an appeal is an essentially different proceeding from filing such notice with the clerk of the court. The word "filing," as used in the section quoted, can be construed only as requiring a

placing or depositing with the clerk a written notice of intention of taking an appeal. See Black's Law Dictionary, p. 492. The appeal is therefore dismissed.

Baker, C. J., and Rouse, J., concur.

Hawkins, J., took no part in the above cause when the same was submitted to this court.