277 P.2d 1020

The STATE of Arizona, Appellee, Cross-Appellant,

v.

Walter A. JOHNSON, Appellant, Cross-Appellee.

No. 1048.

Supreme Court of Arizona.

Dec. 14, 1954.

George F. Macdonald, Phoenix, for appellant.

Ross F. Jones, Atty. Gen., and Robert C. Stubbs, Asst. Atty. Gen., for appellee.

UDALL, Justice.

By a direct information, containing two counts, Walter A. Johnson, defendant (appellant), was charged by the county attorney of Yavapai County with traffic violations punishable under the Motor Vehicle Code, Laws of 1950, 1st S.S. Ch. 3, §§ 54 and 55; now appearing as sections 66–156 and 66–157, A.C.A.1939, 1952 Cum.Supp. Upon entering pleas of "not guilty" defendant was placed on trial and convicted by a jury of both reckless driving and of operating a motor vehicle while under the influence of intoxicating liquor. The court, after denying motions in arrest of judgment and for a new trial, adjudged him guilty and imposed a sentence of sixty to ninety days in the county jail on each count, the sentences to run concurrently. Thereafter the court found grounds for the issuance of a certificate of probable cause, and granted a stay of execution and released the defendant on bail pending a review by this court.

Defendant's Attempted Appeal

The following minute entry appears on the date of the sentencing:

"Comes now the defendant and gives notice of appeal in open court and files application for certificate of probable cause and for stay of execution, and affidavit of inability to pay for costs of reporter's transcript and record on appeal."

From the record it appears that no notice of appeal in writing was ever filed by defendant.

■ Rule 422, Cr.Proc. (now appearing as section 44–2511, A.C.A.1939), provides:

"An appeal may be taken *only by filing with the clerk* of the trial court a notice in writing stating that the appel-

lant appeals from a judgment, order, ruling or sentence * * *." (Emphasis supplied.)

From the days of the Howell Code (1864) until the present time, in this jurisdiction a notice of appeal in writing, filed with the clerk of the trial court has been required in order to perfect an appeal in criminal cases. In construing section 1866 of Revised Statutes 1887, to this same effect, we said:

"* * * It is elementary law that where the statute points out a particular mode for taking an appeal that mode must be strictly adhered to *in order to confer jurisdiction upon the appellate court*. It is obvious that giving notice in open court that appellant intends taking an appeal is an essentially different proceeding from filing such notice with the clerk of the court. The word 'filing,' as used in the section quoted, can be construed only as requiring a placing or depositing with the clerk a written notice of intention of taking an appeal. * * *" Territory v. Hunter, 4 Ariz. 197, 36 P. 175. (Emphasis supplied.)

See also: Florez v. Territory, 14 Ariz. 343, 128 P. 49.

Since no legal or proper notice of appeal was given, it follows that we have no jurisdiction to entertain this appeal. The court therefore on its own motion—the state having failed to raise the defect—orders defendant's purported appeal dismissed.

State's Cross-Appeal

The State filed a timely notice of cross-appeal on the ground that the sentence was illegal in that the court did not consider defendant's prior convictions in passing sentence.

The information in each count alleged defendant had suffered "a prior conviction of the offense charged" without specifying the court wherein this occurred or the date thereof. We deem it unnecessary now to pass upon the legal sufficiency of this allegation.

At the arraignment defendant denied that he had suffered a previous conviction in either matter. Evidence, both oral and documentary, was introduced on this issue at the trial. While the court in its instructions to the jury summarized the charges made in the information—including references to the prior convictions—yet no specific instructions were requested or given by the court on this issue.

Two verdicts were submitted, without objection, on each count. As to the drunk-driving charge, stripped of formal parts, they read:

"* * * guilty of the crime of Misdemeanor to-wit: Driving while under the Influence of Intoxicating Liquor."

and

"* * * not guilty of the crime of Misdemeanor to-wit: Driving while

under the Influence of Intoxicating Liquor."

Similar verdicts were submitted as to the reckless driving charge. The verdicts returned by the jury were those finding the defendant guilty. No special verdicts as to prior convictions were submitted.

When defendant appeared before the court for sentencing, the following minute order was entered:

> "* * * The jury having failed to make any finding as to prior convictions, as alleged in both counts, it is the finding of the Court that the jury has found him innocent of prior conviction, and the Court will disregard it in the pronouncement of sentence."

The State contends that by its verdicts the jury resolved the issue of prior convictions in favor of the state, and that the court was therefore in error in not imposing the more severe penalty required by statute. S.L.1950, 1st S.S. Ch. 3, supra.

In the annotation entitled "Increased Penalty—Second Offense", 58 A.L.R. 20, 93, cited by the state, the following statement of the rule appears:

> "It appears to be the majority rule that, on a charge of a 'second' or 'subsequent offense,' it is not essential that the verdict of the jury should find specially as to the fact of a prior conviction, but it is sufficient *if, from the verdict itself, it is apparent that the jury*

*has passed on the issue of the prior conviction."* (Emphasis supplied.)

It should be noted that in the cases cited therein as supporting this statement the general verdicts giving rise to the rule are worded "guilty as charged" or other words of similar import.

Assuming, without deciding, that this is a sound rule, it has no application to the facts of this case as we cannot see how it can be contended that it appears from these verdicts that the jury passed on the issue of prior convictions. Neither can we agree with the learned trial court in his premise that the jury found defendant "innocent of prior conviction". It is apparent to us that such issue was not submitted or passed upon. There were no instructions to the jury as to their function in this matter. The wording of the verdicts returned by it: guilty of "Driving while under the Influence of Intoxicating Liquor" and "Reckless Driving", makes it crystal clear that the only issues resolved by it were those incident to the offenses charged. The jury not having passed upon the issue, the trial court was correct in refusing to consider the matter of prior convictions in imposing sentence.

Accordingly the defendant's purported appeal is dismissed and the judgments and sentences from which the State appeals are affirmed.

PHELPS, C. J., and STANFORD, LA PRADE and WINDES, JJ., concur.