440 P.2d 336

**John D. WOMACK, Appellant,**

v.

**The STATE of Arizona, Appellee.**

**No. 2 CA–CIV 442.**

Court of Appeals of Arizona.

May 2, 1968.

Nazario A. Gonzales, Tucson, for appellant.

Darrell F. Smith, Atty. Gen., Norval C. Jesperson, Asst. Atty. Gen., Phoenix, for appellee.

HATHAWAY, Chief Judge.

John D. Womack has appealed from the denial of his application to the superior court in Pinal County for a writ of habeas corpus.

Womack was charged by a criminal complaint filed in justice court, northeast precinct, Phoenix, with burglary in the first degree, allegedly committed within the precinct. At the preliminary "hearing, the justice of the peace reduced the. charges to second degree burglary and bound him over to superior court on June 13, 1965. Subsequently, a defense motion 'to ' dismiss the prosecution was granted on the basis that no information had been filed within 30 days as required by Rule 80, Arizona Rules of Criminal Procedure, 17 A.R.S.

A second complaint was filed on July 21, 1966, charging first degree burglary. This time the complaint was filed in justice court in the northwest Phoenix precinct. Womack was again bound over to superior court, this time to answer charges

of first degree burglary. An information charging first degree burglary was filed. The information was amended to charge second degree burglary and Womack plead guilty. He was sentenced to serve one to three years in the Arizona State Prison.

The appellant contends that all proceedings in the northwest precinct justice court are void for the reason that the justice court did not have jurisdiction over the subject matter, since the alleged burglary had been committed outside of the northwest precinct. This contention is based on an amendment to A.R.S. § 22–301, passed during the 1966 legislative session.[1]

Appellant also complains that the county attorney did not have authority to file the second complaint because of Rule 238 of the Rules of Criminal Procedure, which provides:

"An order for the dismissal of the prosecution, as provided in Rule 236, is a bar to any other prosecution for the same offense if it is a misdemeanor, but it is not a bar if the offense is a felony * * *."

The appellant argues that the words "same offense," precluded the county attorney from filing a new complaint on any charge other than second degree burglary, being the charge upon which he was originally bound over.

The appellant had counsel during all proceedings involved herein. He was given an opportunity at the time of arraignment to file motions, and ten additional days thereafter was afforded for that purpose. No motions were filed.

At the time of trial, the county attorney's motion to amend the information that charged second degree burglary was granted. The appellant then requested permission to withdraw his plea of not guilty to the original information and entered a plea of guilty to the amended information. The appellant, having failed to move to quash the information, has waived defects in the preliminary proceedings. Rules 79, 169 and 177, Rules of Criminal Procedure, 17 A.R.S.; State v. White, 102 Ariz. 18, 423 P.2d 716 (1967).

The judgment is affirmed.

MOLLOY and KRUCKER, JJ., concur.

1. A.R.S. § 22–301 (as amended):
"The justice of the peace courts shall have jurisdiction of the following offenses committed within their respective precincts in which such courts are established, subject only to the right to change of venue as provided by law:
 * * * * *
"5. Felonies, but only for the purpose of commencing action and conducting proceedings through preliminary examination and to hold the defendant to answer to the superior court or to discharge the defendant if it appears that there is not probable cause to believe the defendant guilty of an offense."