460 P.2d 658

**STATE of Arizona, Appellee,**

v.

**Eugene Donald QUINN, Appellant.**

**No. 1 CA–CR 194.**

Court of Appeals of Arizona, Division 1.

Department A.

Nov. 6, 1969.

Lawrence C. Cantor, Phoenix, for appellant.

Gary K. Nelson, Atty. Gen., by Carl Waag, Sp. Asst. Atty. Gen., for appellee.

STEVENS, Judge.

The defendant pled guilty to the offense of attempted burglary in the second degree (A.R.S. § 13–301, § 13–302, § 13–108, and § 13–110) and was sentenced to a term in the Arizona State Prison of not less than two years and not more than two and one-half years. He was originally charged with the offense of burglary (A.R.S. § 13–301 and § 13–302). As originally charged he could have been found guilty of burglary in the first degree which carries a maximum sentence of fifteen years. The defendant appeals and urges procedural errors as well as the insufficiency of the record on appeal to sustain the action of the trial court.

On 8 November 1967, he posted bond in the Justice Court prior to the preliminary hearing. So far as the record discloses, he remained on bond until 5 June 1968. On that date he was ordered confined to the county jail as will hereinafter appear.

The defendant was represented by the Office of the Public Defender at the preliminary hearing and at all stages of the proceedings to and including the date of sentence of 17 July 1968. One month later present counsel was substituted and the appeal was perfected. The record does not disclose that this is an indigent appeal and no proceedings were had under Rule 361 of the Rules of Criminal Procedure, 17 A.R.S., in other words, there was no order requiring that the record on appeal be furnished by Maricopa County, it then being the obligation of the defendant to furnish the record on appeal.

It was urged in the opening brief of the defendant that there was no record of the court's action which apparently was taken on 17 July 1968. This Court, believing that there might have been an inadvertent omission in this respect, entered an order pursuant to Rule 75(h) (2) of the Rules of

Civil Procedure, 16 A.R.S., requesting that the Clerk of the Superior Court again search the records in the Superior Court and forward to the Court of Appeals any minute entry orders which might have been previously omitted. Pursuant to that order the minutes of 17 July 1968 were certified to this Court and are considered by this Court.

At the time of the trial court's sessions which appear to be critical in relation to the appeal, the minutes show the presence of a court reporter. No transcript of any of these proceedings has been forwarded to this Court. We recognize that "minute entries are of necessity condensed" and do not fully reflect matters which would otherwise be available upon a reading of the reporter's transcript. State v. Dowthard, 92 Ariz. 44, at page 48, 373 P.2d 357, at page 360 (1962).

On 8 February 1968, the defendant consented in writing, approved by his counsel, to the filing of an amended information charging him with the offense of attempted burglary in the second degree and he pled guilty thereto. No issue is raised on the appeal with reference to this procedural aspect of the case in the trial court. The minutes of that day recite, in part, as follows:

"* * * At this time, Counsel for the State requests leave to file an Amended Information, charging Attempted Burglary (Second Degree), which may be designated by the Court as either a misdemeanor or a felony.

 * * * * * *

"The defendant is asked if he fully understands the possible consequences of his guilty plea, and he states he understands; that no threats or promises have been made to him, and now voluntarily enters a plea of guilty * * *."

■ It is urged on appeal that there is nothing in the record to show that the defendant knew what the penalty was or could be for either a felony or a misdemeanor or that he knew the difference between a felony or a misdemeanor. It is

further urged that he did not know that he might be given a prison sentence. We are unable to agree with these contentions. The defendant does not urge that he did not know and that he did not understand. He was represented by counsel. We do not assume that the minute entry in this matter is erroneous. But, if by change the minute entry was in error, then possibly the reporter's transcript, a court reporter having been present, would have clarified the situation for us.

The time for sentence was scheduled for 21 February 1968. On that date the defendant again appeared with his counsel and his counsel requested that the court "treat this charge as a misdemeanor". The following order was entered, this being a portion of the minutes of the last mentioned date:

"IT IS ORDERED continuing imposition of sentence until December 18, 1968 at 1:30 P.M. in Division 18.

"IT IS FURTHER ORDERED that until time for imposition of sentence the defendant keep in touch with his attorney and obtain gainful employment, and FURTHER ORDERED that he contact Mr. Russell, The Probation Officer of the Court at least every six (6) weeks during this time.

"IT IS FURTHER ORDERED the bond of the defendant remain in full force and effect until time for sentencing.

"IT IS FURTHER ORDERED that at time of imposition of sentence, the charge will be treated either as a felony or misdemeanor by the Court."

The foregoing is consistent with our opinion in State v. Albe, 10 Ariz.App. 545, 460 P.2d 651 (Filed 4 November 1969).

■ The defendant's next appearance in court was on 5 June 1968. His attorney was present. The record, in part, is quoted as follows:

"The defendant is interrogated by the Court.

"Good cause appearing,

"IT IS ORDERED revoking the bond of the defendant herein.

"FURTHER ORDERED that the defendant be incarcerated in the Maricopa County Jail until July 17, 1968, commencing this date.

"FURTHER ORDERED sentence will be imposed at 1:30 P.M. on July 17, 1968 in Division 18:"

The defendant urges that Criminal Rules 60 to 66 relating to the revocation of the privilege of remaining on bond before conviction were not complied with. Criminal Rule 306 defines conviction as follows:

"The term conviction as used in these Rules means the final acceptance of a plea of guilty or the finding by the jurors or by the court that the defendant is guilty."

In our opinion the following portion of the 8 February 1968 minutes:

"IT IS ORDERED allowing the defendant to withdraw his former plea of not guilty to the original information, and now enter a plea of guilty to the Amended Information, charging Attempted Burglary (Second Degree)."

clearly discloses a "final acceptance of a plea of guilty". In Arizona there is no absolute right to remain on bond following a "conviction". It is within the discretion of the trial judge whether to permit a defendant with a conviction to remain on bond pending judgment, pending the rendition of judgment and pending the judgment and sentence as these terms are defined in Criminal Rules 321, 322, and 325 respectively. There is some discretion in the courts in permitting a defendant to remain on bond after a judgment and sentence and during the pendency of an appeal. In this connection see Criminal Rules 354 and 356. In the case of State v. Rhodes, 104 Ariz. 451, 454 P.2d 993, 996 (1969) the Arizona Supreme Court considered the question of delay in the entry of judgment with its sentence or probation. The Court cited Criminal Rule 324. The Court stated:

"[t]here is no inference from these provisions that the court may unreasonably delay the passing of sentence. As a matter of fact, a reasonable interpretation of the law is to the contrary."

In the case now under consideration, it appears to us that the trial judge was attempting to grant the defendant an informal preliminary period of probation, probably to assist the trial judge in deciding the important questions as to whether the defendant should be adjudged guilty of a felony or a misdemeanor and the proper disposition which should be ordered. In the light of Rhodes, even without reasons for advancing the date of sentence, the action of the trial court in advancing the date of sentence was proper. In addition, the minutes reflect that the trial court believed a delay in the taking of final action to the originally contemplated date of 18 December was not appropriate. At the 5 June 1968 hearing, the record reflects that the defendant was not only present but was represented by counsel. We do not agree that there has been any violation of the rights of the defendant in revoking the bond, placing him in confinement, or in expediting the time of sentence.

The minutes of 17 July 1968 recite that:

"The defendant is asked if he has anything to say, or legal cause to show why sentence should not now be imposed, and no legal cause appearing to the Court. * * *."

The issues asserted on appeal and previously discussed were not presented to the trial judge at the time of the 17 July 1968 action and are deemed waived. Weston v. State ex rel. Eyman, 8 Ariz.App. 58, 442 P.2d 881 (1968). There follows in the minutes of 17 July 1968 a proper judgment of guilt and a proper minute entry in relation to the imposition of sentence. The trial court related the sentence back to 5 June 1968, which was the date of incarceration following his long period of freedom on bond.

**556**

Apparently the trial judge was not available when the formal written judgment and sentence were presented for signature and another judge signed this document, a document which is wholly consistent with the 17 July minutes.

The 17 July minutes were adequate, without more, and the formal written judgment and sentence was not an essential part of the record. In this connection see Dowthard and State v. Chance, 4 Ariz.App. 38, 417 P.2d 551 (1966). In our opinion the cases of State v. Green, 98 Ariz. 254, 403 P.2d 809 (1965) and State v. Madrid, 9 Ariz.App. 207, 450 P.2d 719 (1969) are consistent with this holding.

We are unable to sustain the contentions of the defendant and our independent examination of the record before us fails to reflect error.

The judgment and sentence are affirmed.

DONOFRIO, P. J., and CAMERON, J., concur.