338

470 P.2d 486

STATE of Arizona ex rel. Lewis C. MURPHY, City Attorney for the City of Tucson, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF PIMA, the Honorable Mary Anne Richey, Judge thereof, and Tony M. Bracken, the real party in interest, Respondents.

No. 2 CA–CIV 848.

Court of Appeals of Arizona, Division 2.

June 12, 1970.

Lewis C. Murphy, City Atty., by William E. Hildebrandt, Asst. City Atty., Tucson, for petitioner.

Messing & Hirsh, by Robert J. Hirsh, Tucson, for respondent Bracken.

HOWARD, Chief Judge.

The respondent court denied the petitioner's motion to dismiss a pending appeal from a conviction of disorderly conduct. The petitioner challenged the superior court's jurisdiction of the appeal on the grounds that the notice of appeal was not timely filed. Since we are of the opinion that the jurisdictional challenge is well-taken, we assume jurisdiction.

On October 23, 1969, a judgment of conviction was entered in the City Court and the punishment imposed was a $61.00 fine. A written notice of appeal was deposited in the mail on November 3, 1969, and was received by the City Court on the following day. Since the right of appeal is conferred only by Constitution or statute, we look to the governing statute, A.R.S. § 22–371, as amended, which provides:

"Right of Appeal; procedure for taking appeal

A. The defendant in a criminal action may appeal to the superior court from the final judgment of a justice or police court.

B. The appeal shall be taken within ten days after imposition of sentence by filing a notice of appeal with the justice of the peace or presiding officer of a police court, stating that defendant appeals from the judgment to the superior court in and for the county."

■ We see from the language of this statute that the notice of appeal must be filed in the inferior court within a prescribed period, namely, ten days. The filing of a timely notice of appeal is a jurisdictional prerequisite. State v. Heron, 92 Ariz. 114, 374 P.2d 871 (1962); State v. Superior Court of Maricopa County, 93 Ariz. 149, 379 P.2d 133, on rehearing 93 Ariz. 351, 380 P.2d 1009 (1963). The word "filing" as used in A.R.S. § 22–371, means acquisition of custody of the notice of appeal by the clerk of the court. State v. Johnson, 78 Ariz. 211, 277 P.2d 1020 (1954); Territory v. Hunter, 4 Ariz. 197, 36 P. 175 (1894).

■■ The instant notice of appeal was mailed on the last day of the ten-day prescribed period. The date of mailing, however, is not the equivalent of "filing". Harper v. Borden Company, 129 So.2d 330 (La.App.1961); United States v. Aaron, D.C., 117 F.Supp. 952 (1953); Kahler-Ellis Company v. Ohio Turnpike Commission, 6 Cir., 225 F.2d 922 (1955). The pending appeal, therefore, should have been dismissed.

In so holding, we are cognizant of the decision of our Arizona Supreme Court in State v. Schroeder, 95 Ariz. 255, 389 P.2d 255 (1964). In *Schroeder,* the defendant's notice of appeal was filed two days after the 60-day period prescribed by Rule of Criminal Procedure 348, 17 A.R.S. However, as reflected by the Arizona Supreme Court opinion, defense counsel "during the sixty-day statutory period for filing appeals, was conducting his practice with considerably less than that degree of meticulous attention required of one who occupies a fiduciary relationship with his client and the court." The court stated:

"We think, however, the situation during the sixty-day period following judgment must be considered analogous to those involving death or incapacity of attorneys. Under such circumstances, dismissal for slight delay in filing criminal appeals seems inconsonant with sound policy and fundamental justice. [citation omitted]" 95 Ariz. at 258, 259, 389 P.2d at 257.

■ The Court of Appeals and the Supreme Court of Arizona are authorized to relieve a defendant, upon proper showing, from failure to timely perfect an appeal. Rule 16(a), as amended, Rules of the Supreme Court, 17 A.R.S. We find no counterpart authorization as to an appeal from City Court and therefore do not believe that the *Schroeder* ruling is apposite.

Since the subject appeal was not timely perfected, the respondent court lacks the requisite jurisdiction and is directed to enter an order of dismissal.

KRUCKER and HATHAWAY, JJ., concur.