484 P.2d 213

**STATE of Arizona, ex rel. Herbert E. WILLIAMS, City Attorney of the City of Tucson, Petitioners,**

v.

**The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF PIMA, the Honorable Joe Jacobson, Judge thereof, Genevieve E. Reeves, Real Party in Interest, Respondents.**

No. 2 CA–CIV 985.

Court of Appeals of Arizona, Division 2.

April 28, 1971.

Herbert E. Williams, City Atty., City of Tucson, by Jerome A. Zurvasky, Deputy City Prosecutor, Tucson, for petitioners.

Kain & Geyler, by Theodore A. Geyler, Tucson, for real party in interest.

PER CURIAM.

A superior court order denying the State's motion to dismiss an appeal from a city court criminal conviction and dismissing the criminal complaint against the real party in interest is the subject of this special action instituted by the State. Since we are of the opinion that the State's position is correct, we assume jurisdiction.

The pivotal question is whether the superior court lacked jurisdiction to entertain the appeal from city court. The record reflects that the real party in interest was convicted on August 27, 1970, and that written notice of appeal therefrom was filed on September 9, 1970. The appeal was set for trial de novo in superior court on March 12, 1971. At that time, the State moved to dismiss the appeal for lack of jurisdiction on the ground that the notice of appeal was not timely filed.[1] Counsel for the real party in interest argued that the motion was not timely. The respondent judge then, as reflected by the minute entry, ordered:

"IT IS ORDERED the Motion to Dismiss the Appeal is denied by the court. The court being of the opinion that the City Prosecutor was charged with the responsibility and duty of filing a Motion to Dismiss in this matter prior to trial. The City Prosecutor having failed to do so, and the court feeling that the City Prosecutor's action indicates laches, and it further appearing to the court that the

1. A.R.S. § 22–371, as amended, requires filing within ten days after imposition of sentence.

defendant and defense counsel are present for trial this date, and the State not having any witnesses present, and the court feeling that an onerous burden has been created on the defendant and defense counsel by virtue of this last motion on the part of the State to dismiss the appeal, and the court having ordered that the appeal not be dismissed, the court will order the Complaint as filed be, and the same hereby is, dismissed.

\*   \*   \*   \*   \*   \*

The court recognizes that the parties being present that it has jurisdiction over the parties and the State having failed to file a timely motion, the court considers that it has jurisdiction to exercise its power and thereby enters the foregoing order."

This ruling has completely ignored the holding of this court in State of Arizona ex rel. Murphy v. Superior Court, 12 Ariz. App. 338, 339, 470 P.2d 486 (1970), wherein we held that the superior court lacks jurisdiction of an appeal from a city court conviction when the appeal is not timely perfected. We expressly noted the limited authority of the respondent court under such circumstances:

"The Court of Appeals and the Supreme Court of Arizona are authorized to relieve a defendant, upon proper showing, from failure to timely perfect an appeal. Rule 16(a), as amended, Rules of the Supreme Court, 17 A.R.S. We find no counterpart authorization as to an appeal from City Court. \* \* \*" 12 Ariz.App. at 339, 470 P.2d at 487.

Additionally, the lower court ignored the fact that the doctrine of laches has no application here. Logan v. Eyman, 13 Ariz. App. 223, 475 P.2d 513 (1970).

For the foregoing reasons, the respondent court acted without authority. It is therefore ordered that the subject order be vacated and that the State's motion to dismiss the appeal be granted.