493 P.2d 125

Charles WILLMON, Appellant,

v.

The STATE of Arizona ex rel. Frank A. EYMAN, Warden, Arizona State Prison, Appellee.

No. 2 CA–CIV 1088.

Court of Appeals of Arizona, Division 2.

Feb. 3, 1972.

Rehearing Denied Feb. 29, 1972.

Review Denied April 4, 1972.

Andrew Silverman, Post-Conviction Legal Assistance Clinic, University of Arizona College of Law, Tucson, for appellant.

Gary K. Nelson, Atty. Gen., Phoenix, by John S. O'Dowd, Asst. Atty. Gen., Tucson, for appellee.

KRUCKER, Chief Judge.

This is an appeal from a denial of a writ of habeas corpus. Appellant had been tried and convicted of two counts of robbery (Counts 2 and 3) and one count of kidnapping (Count 1) in the Superior Court of Pima County. Appellant has appealed to the Arizona Supreme Court on issues not raised in this appeal. State v. Martinez, 102 Ariz. 178, 427 P.2d 129 (1967). The issue before us here concerns the legality of sentence and deals with the question of concurrent sentences as opposed to consecutive sentences.

The sentence pronounced by the trial court read as follows:

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED, and the judgment and sentence of the Court is

that you, CHARLES WILLMON, be punished by imprisonment in the State Prison at Florence, Arizona, for a term of not less than five (5) years, and not more than ten (10) years, to date from February 25, 1966 under each count of ROBBERY (COUNTS II and III), said sentences to run concurrently; and serve a term of not less than eight (8) and not more than ten (10) years under the charge of KIDNAPING (COUNT I), said sentence for kidnaping to run consecutively and to be served consecutively to the sentences for robbery . . .

On the original judgment and sentence signed by the Honorable Anthony T. Deddens, there was a notation below the judge's signature as follows: "(Prison) Note: all sentences date from February 25, 1966."

■■■ We have examined the minute entry of the court which reads as follows:

"This being the time set for sentencing and no legal cause having been shown why sentence should not be passed at this time,

IT IS THE JUDGMENT OF THE COURT THAT the Defendants . . . Charles Willmon are guilty as charged in the Information.

IT IS THE FURTHER JUDGMENT OF THE COURT THAT the Defendants . . . Charles Willmon be sentenced for the crime of ROBBERY, COUNTS II and III to the Arizona State Prison for not less than five (5) and not more than ten (10) years under each of said counts, the sentences to run concurrently.

IT IS THE FURTHER JUDGMENT AND SENTENCE OF THE COURT that the Defendants . . . Charles Willmon be sentenced for the crime of KIDNAPING, COUNT I to the Arizona State Prison for not less than eight (8) and not more than ten (10) years, the sentence for the crime of Kidnaping to run consecutively and to be served consecutively to the robbery sentences.

(Sentence . . . to commence February 25, 1966).

IT IS FURTHER ORDERED that the Defts. be remanded to the custody of the Pima County Sheriff."

When we compare the judgment and sentences and the Minute Entry, we find nothing ambiguous or indefinite. State v. Madrid, 9 Ariz.App. 207, 450 P.2d 719 (1969), cert. denied, 396 U.S. 1016, 90 S.Ct. 581, 24 L.Ed.2d 508 (1970), establishes that judgment shall be rendered in open court and rendition of judgment is an official act and judgment is "rendered" when pronounced in open court. Any defect or failure of the minute entry to reflect the rendition does not invalidate the conviction. We also stated in *Madrid* that the entry requirement providing for pronouncement of judgment and sentence in open court and entry of record of sentence imposed is to furnish a record of the crime for which the defendant was convicted and the sentence imposed in order to protect defendant against subsequent prosecution for the same offense.

■■■ Judgment is complete and valid when orally pronounced in open court and entered in the minutes without anything further or any written judgment. Rule 325, Rules of Criminal Procedure, 17 A.R. S.; State v. Dowthard, 92 Ariz. 44, 373 P.2d 357 (1962), cert. denied, 372 U.S. 920, 83 S.Ct. 735, 9 L.Ed.2d 726 (1963).

Our Supreme Court in State v. Davis, 105 Ariz. 498, 467 P.2d 743 (1970), also held that mere irregularity which does not affect substantial rights of the defendant is not a ground for setting aside the sentence.

■■■ We believe that the note at the end of the judgment was merely to designate when the imprisonment was to begin for computation possibly by the State Prison or the Parole Board.

We hold that the note appended on the bottom of the signed judgment and sentence is not a part of the judgment and sentence signed by the sentencing judge and that his judgment and sentence are crystal clear as

to the sentence imposed. The starting time of the sentences on the robbery counts is designated and the consecutive sentence on the kidnapping count is equally clear and definite. To hold otherwise would torture the language used by the judge pronouncing sentence.

Judgment affirmed.

HOWARD, and HATHAWAY, JJ., concur.