501 P.2d 42

**STATE of Arizona, Appellee,**

**v.**

**Carson Duane RENDEL, Appellant.**

**No. I CA–CR 379.**

Court of Appeals of Arizona, Division 1, Department B.

Sept. 26, 1972.

Rehearing Denied Oct. 20, 1972.

Review Denied Nov. 21, 1972.

---

Gary K. Nelson, Atty. Gen., by William J. Schafer III, Chief Counsel, Criminal Division, Phoenix, for appellee.

John V. Riggs, Tempe, for appellant.

EUBANK, Judge.

This appeal is from a judgment of guilt and sentence filed on January 6, 1971, following a jury trial and verdict finding the defendant (appellant) guilty of three felonies involving the possession of three different stolen motor vehicles (A.R.S. §§ 28–1423, 13–138, 13–139 and 13–140).

The defendant on appeal does not question the sufficiency of the evidence to sustain his conviction therefore the facts are not in dispute. The defendant and Johnny Charbonneau entered into an agreement to procure motor vehicles illegally for the purpose of dismantling them in order to sell the parts. The three counts of the amended information involve three such motor vehicles: a 1969 Ford Galaxie, a 1969 Chevrolet pickup truck and a 1970 Chevrolet Custom Cab. Between March 22 and 24, 1970, these vehicles were illegally acquired by the partners and taken to a warehouse for the purpose of dismantling them. Unbeknown to the defendant and Charbonneau, police officers had the warehouse under surveillance and observed at least one of the stolen vehicles being taken into the warehouse. The officers were stationed close enough to the warehouse to hear the banging of metal inside. On the basis of what they had observed and heard, one of the police officers obtained a search warrant from a justice of the peace on the evening of March 25th. It was executed the next morning, with the arrest of the defendant and Charbonneau inside the warehouse. The remains of the three vehicles, described in the information, were also found and identified inside the warehouse. Following a jury trial, the defendant was found guilty on three counts and the trial judge sentenced him to prison in a manner which will be more fully set out hereafter.

The defendant raises three questions on appeal. They are:

1. Was the sentence imposed void?

2. Did the Justice of the Peace have jurisdiction to issue the Search Warrant, was there probable cause and did the magistrate find probable cause?

3. Should the Court have granted appellant's Motion for Discovery of the accomplice's depositions at the preliminary hearing?

## THE SENTENCE

The first question is based on a mistake made by the trial judge in sentencing the defendant, which was corrected by the judge within minutes of its occurrence. The record shows the following situation:

"THE COURT: Mr. Rendel, I have taken into consideration the fact that you have another sentence, but I am the Judge in this court. I have also had to take into consideration your record; and I am aware of the stipulation that the State will dismiss all the other pending charges against you.

"I don't know quite how to say this, but frankly I don't think you have much respect for the law, particularly while you had one charge pending against you you went out and committed other crimes; and this has influenced me in making my decision.

"No good reason or legal cause being shown to the Court for not imposing sentence at this time, it is the judgment of the Court that you, Carson Rendel, are guilty of the crimes of Possession of a Stolen Vehicle, as alleged in Counts I, II, and III of the amended information. And as you were found guilty by the verdict of the jury, as punishment therefore for Count I, I am going to sentence you to serve not less than two nor more than three years in the State Prison; sentence to commence as of September 9, 1970.

"Count II, I am going to sentence you to serve not less than two nor more than three years in the State Prison, sentence is to run consecutively on Count I.

"As punishment on Count III, I am going to sentence you to not less than two nor more than three in the State Prison; and that sentence is to run consecutively with the sentence of Count I and Count II."

Appellant was informed of his right to appeal and several other pending charges were dismissed with prejudice. Appellant then stated:

"THE DEFENDANT: Excuse me, Your Honor, can I file this Notice of Appeal today?

"THE COURT: Certainly.

Do you want to announce your Notice of Appeal right here in open court?

"THE DEFENDANT: No, sir. If you would take it under advisement, or whatever they do. I have also got the Certificate of Probable Cause.

"(Whereupon, the defendant was sworn by the Clerk as to the truth of the Certificate.)

"THE COURT: There will be an order to file a Notice of Appeal. I haven't had a chance to look over this petition, and I think before I should appoint a lawyer to represent you, I should read it.

"There will be an order that the record of appeal be prepared at public expense. I will read this over, Mr. Rendel, and then set it down for hearing."

Counsel for the State then inquired:

"MR. STORRS: If we could have a little bit of clarification on the sentence, as to—

"THE COURT: Wait a minute. You are right. I have said the sentence wrong.

"I want to vacate what I have already said about a sentence and start over again.

"It is the judgment of the Court you are guilty of the charged Counts I, II, and III of the amended information. As punishment therefore, on Count I, I am going to sentence you to serve not less than two nor more than three years.

"As punishment on Count I, you serve not less than two nor more than three years. It is my intention to make that run consecutively with your sentence under 62211."[1]

---

1. Prior to the sentence in the case at bar the defendant was sentenced to prison on another unrelated felony.

"On Count II, you serve two to three years in the State Prison, to run consecutively after you have served your term under Count I.

"Count III, I sentence you to serve two to three years consecutively; that is after you served your term on Count II.

"The first one begins after you have served the sentence by Judge Rozar on 62211."

Appellant maintains that the presentation of his notice of appeal to the trial judge, who in turn physically handed it to the deputy clerk, divested the court of jurisdiction thereby voiding the corrected sentence. We do not agree.

■ It is a well settled law that the proper filing of a notice of appeal from a judgment of conviction deprives the trial court of jurisdiction in all matters not in furtherance of the appeal. Application of Lopez, 97 Ariz. 328, 400 P.2d 325 (1965); State v. Churton, 9 Ariz.App. 16, 448 P.2d 888 (1968). However, for a notice of appeal to have this result it must be timely filed in accordance with Rule 350, Rules of Criminal Procedure, 17 A.R.S., which reads as follows:

"An appeal may be taken only by filing with the clerk of the trial court a notice in writing stating that the appellant appeals from a judgment, order, ruling or sentence, as the case may be, and by serving a copy of the notice of appeal as provided in Rules 351 and 352. The notice of appeal when taken by the state shall be signed by the county attorney. When the appeal is taken by the defendant the notice of appeal shall be signed by him or by his counsel."

■ As we have seen, appellant's handwritten notice of appeal was handed to the trial judge, who in turn ordered that it be filed. Appellant did not request its immediate filing, and no notation of filing was made on the document either by the judge or his deputy clerk at that time. The file stamp of the Clerk of the Superior Court, indicating filing, is dated the following day, December 30, 1970. Our Supreme Court held in State v. Johnson, 78 Ariz. 211, 277 P.2d 1020 (1954) that compliance with Rule 350 is the exclusive method for perfecting a criminal appeal, and that notice given in open court of an intention to file a written appeal is insufficient compliance with the rule. In our opinion the handing of the written notice of appeal to the judge, even accompanied by an order that it be filed, is equally insufficient, since it must be actually filed with the clerk of court. It was not actually filed with the clerk until the following day, December 30.

■ Furthermore, appellant's notice purports to appeal from the "final judgment of conviction", in accordance with A.R.S. § 13-1713. In criminal matters, the judgment is complete, valid and appealable only when it is orally pronounced in open court *and* entered on the clerk's minutes. State v. Johnson, 108 Ariz. 116, 493 P.2d 498 (1972); State v. Dowthard, 92 Ariz. 44, 373 P.2d 357 (1962), cert. denied 372 U.S. 920, 83 S.Ct. 735, 9 L.Ed.2d 726; Willmon v. State ex rel. Eyman, 16 Ariz. App. 323, 493 P.2d 125 (1972); State v. Quinn, 10 Ariz.App. 552, 460 P.2d 658 (1969). The record shows that no order was entered in the clerk's minutes until after the corrected sentence was pronounced. Until that time there was no "final judgment" from which an appeal would lie, and in such circumstances appellant's notice of appeal, even if regarded as filed with the clerk of court, could not operate to divest the trial court of jurisdiction to correct its sentence.

■ Appellant also maintains that the trial court's corrected sentence should not be permitted to stand because its pronouncement was an act of "vindictiveness" against appellant for noticing his intent to appeal, citing North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Pearce is clearly distinguishable on the facts from the case at bar in that it involves a second harsher sentence following a second trial which resulted from an

appeal; such is not the case here. Furthermore, our review of the record in the instant case negates any inference of vindictiveness on the part of the trial judge. It is clear from the judge's preliminary statements to appellant that he had considered appellant's past record, the stipulation for the dismissal of various other criminal charges, the defendant's previous conviction, and the defendant's general disrespect for the law, and it is obvious the trial judge intended to impose a harsh consecutive form of sentence in relation to the other conviction initially.

The Arizona Supreme Court has stated that the trial court has inherent power to modify its own judgments and orders in criminal cases unless jurisdiction has been terminated by appeal. Skinner v. Superior Court, 106 Ariz. 287, 475 P.2d 271 (1970); Belcher v. Superior Court, 105 Ariz. 461, 466 P.2d 755 (1970); Condos v. Superior Court, 29 Ariz. 186, 239 P. 1032 (1925).

No violation of appellant's constitutional rights has been shown and we can find none. It is therefore our opinion that the trial court acted within its jurisdiction in correcting the obvious error in its original sentence.

Finally, appellant's contention that the sentences are ambiguous and should be read to mean "concurrent" rather than "consecutive" is without substance. Rule 339, Rules of Criminal Procedure, 17 A.R.S., which states that when two or more sentences are imposed against the same person they are to be served concurrently rather than consecutively unless the contrary intention appears clear, has been fully complied with in this instance. In our opinion no indefiniteness, ambiguity or conflict appears on the face of the minute entry recording the sentences or between the entry of the verdict and its pronouncement in open court. *See*, State v. Wheeler, 108 Ariz. 338, 498 P.2d 205 (1972); Gantt v. Eyman, 106 Ariz. 294, 475 P.2d 476 (1970); State v. Owen, 2 Ariz.App. 580, 410 P.2d 698 (1966).

## THE SEARCH WARRANT

The appellant contends that the search warrant was void because the crime occurred in the justice precinct presided over by Justice of the Peace Marion Reno while Justice of the Peace Al Flood executed the search warrant on behalf of Justice Marion Reno and lacked the jurisdiction to do so.

The record shows that appellant raised this objection at the preliminary hearing, but failed to renew it before the trial court, and consequently the question was never passed on by the trial court. It was included in the motion for a new trial but we consider that inappropriate and untimely. Under such circumstances, jurisdictional defects of this nature, in proceedings conducted by a Justice of the Peace, are waived. Womack v. State, 7 Ariz.App. 455, 440 P.2d 336 (1968). Furthermore, the failure to raise the issue by timely objection in the trial court precludes our consideration of the matter, since the claimed defect does not constitute fundamental error. *See* State v. Gilreath, 107 Ariz. 318, 487 P.2d 385 (1971); State v. Dessureault, 104 Ariz. 380, 453 P.2d 951 (1969); State v. Hudgens, 102 Ariz. 1, 423 P.2d 90 (1967), cert. denied 389 U.S. 873, 88 S.Ct. 162, 19 L.Ed.2d 155.

We therefore do not pass on the validity of the search warrant.

## THE DENIAL OF DISCOVERY

The record shows that following the arrest of the defendant and Charbonneau, Charbonneau confessed and gave the police several statements in the form of depositions concerning the criminal activities engaged in by the defendant and himself. At the preliminary hearing the defendant subpoenaed the statements in order to discover what Charbonneau had said. (Charbonneau was not called as a witness at the preliminary hearing so there was no question that the defendant required the statements for impeachment purposes. *See* Brooks v. Jennings, 17 Ariz.App. 407, 498 P.2d 481 (1972)). The county prosecutor

moved to quash the subpoena, and the magistrate granted the motion. The defendant contends that this was error. We disagree.

Discovery in a criminal case is controlled primarily by Rule 195, Rules of Criminal Procedure, 17 A.R.S., which states:

> "Upon motion of a defendant at any time after the filing of the indictment or information, the court may order the county attorney to permit the defendant to inspect and copy or photograph designated books, papers, documents or tangible objects, obtained from or belonging to the defendant or obtained from others by seizure or by process, upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable. The order shall specify the time, place and manner of making the inspection and of taking the copies or photographs and may prescribe such terms and conditions as are just."

In State ex rel. Corbin v. Superior Court, 103 Ariz. 465, 445 P.2d 441 (1968), our Supreme Court outlined specific guidelines to be used by trial judges and magistrates in the exercise of their discretion in discovery matters raised under Rule 195. The court said:

> "As a guide to courts in this state when motions similar to the one made by the defendant here are interposed, we hold the following: (1) The trial judge in his sound discretion must determine the reasonableness of a request for the exercise of his inherent power to grant discovery which request might merely be a disguised attempt at a 'fishing expedition' by the defense. (2) A superior court may not order production, before trial, of statements made by the prosecuting witness or others (not including the accused), for a defendant does not have a right to examine these statements prior to the time the witness has testified. See State v. Green, 103 Ariz. 211, 439 P.2d 483 (1968); State v. Wallace, 97

Ariz. 296, 399 P.2d 909 (1965); State v. Saenz, 88 Ariz. 154, 353 P.2d 1026 (1960). The State is required to make available to the defense such statements only for the purpose of impeachment. . . ." (103 Ariz. at 468, 445 P.2d at 444).

*See also,* State ex rel. Corbin v. Superior Court, 6 Ariz.App. 414, 433 P.2d 65 (1967).

As noted, Johnny Charbonneau was not present and did not testify at the preliminary hearing and was therefore not subject to impeachment at that time. At the trial the defendant had ample opportunity to cross-examine Charbonneau and to impeach him if he could. He obviously failed to do so.

It is our opinion that the magistrate complied with the guidelines set out in Corbin, *supra,* and therefore did not abuse his discretion.

The judgment is affirmed.

HAIRE, Chief Judge, Division 1, and JACOBSON, J., concur.