NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

BRETT DAVID ELLIS, *Appellant.*

No. 1 CA-CR 25-0379

FILED 06-01-2026

Appeal from the Superior Court in Yavapai County
No. S1300CR202401339
The Honorable Krista M. Carman, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael J. Woodburn
*Counsel for Appellee*

Law Office of Carissa A. Jakobe PLLC, Mankato, MN
By Carissa A. Jakobe
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge David B. Gass delivered the decision of the court, in which
Judge Cynthia J. Bailey and Judge D. Andrew Gaona joined.

**G A S S**, Judge:

¶1 Ellis appeals his convictions and sentences for 1 count of kidnapping, 2 counts of sexual assault, and 1 count of aggravated assault. Ellis argues the superior court abused its discretion by excluding evidence of the victim's sexual history. As a result, he argues the superior court violated his due process and Confrontation Clause rights, denying him a fair trial. Because the superior court did not abuse its discretion, the court affirms.

## FACTS AND PROCEDURAL HISTORY

¶2 The court views the facts in the light most favorable to upholding the superior court's ruling. *See Lehn v. Al-Thanayyan*, 246 Ariz. 277, 283 ¶ 14 (App. 2019). The court will not reweigh the evidence. *State v. Lee*, 189 Ariz. 590, 603 (1997).

### I. In November 2024, Ellis was arrested after hiring an exotic dancer for a one-on-one show.

¶3 In November 2024, Ellis contacted a private exotic dancing agency to hire a dancer for a one-on-one show in his home. The agency connected Ellis with the victim, who is an independent contractor for the agency. When the victim arrived at Ellis's home, the two discussed the rules for her performance. During that discussion, Ellis asked the victim if the agency knows she is "having sex for money." The victim told Ellis she would not have sex with him and said, "That's not what you're going to get out of this." After that discussion, the victim started the show.

¶4 During the show, Ellis asked if he could duct tape the victim's hands together. The victim agreed. She assumed he would only secure her wrists, something the victim allowed previous clients to do. Instead, Ellis taped around her wrists and hands completely so she could not free herself. When the victim started feeling uncomfortable, she asked Ellis to un-tape her. Ellis refused, taped her arms behind her head, bound her ankles and knees together, and left her balled-up in a fetal position.

¶5 After the victim realized her efforts to reason with Ellis were futile, she threatened to "report you for rape, for assault." Ellis dismissed the victim's pleas: "I don't care. Like nobody's going to believe you anyway." Ellis then digitally penetrated the victim and forced her to have vaginal intercourse and oral sex. Ellis then repeatedly beat the victim, strangled her, and advised her to "shut up" and "go to sleep." After the victim continued pleading with Ellis, he cut some of the duct tape, allowing

the victim to break free and escape. After leaving Ellis's residence, the victim called the police. The police arrested Ellis, and a grand jury indicted him for 1 count of kidnapping, 3 counts of sexual assault, and 1 count of aggravated assault.[1]

## II. Before trial, the State moved to preclude evidence of victim's prior sexual conduct under A.R.S. § 13-1421.

¶6 The State moved in limine to preclude Ellis from introducing 6 screenshots taken from an online account the victim used to create, post, and sell subscriptions to "spicy content." The victim set up the account under a pseudonym but included photos of herself. The State did not dispute the screenshots were victim's content, but argued the rape shield law, A.R.S. § 13-1421, did not allow their admission.

¶7 The specific evidence consisted of:

- Screenshot 1 showed a video thumbnail of a topless blonde woman lying down with someone's hands around her neck with the description: "I didn't edit this one down. So here's an unedited, raw video for your viewing pleasure."

- Screenshots 2, 3, 4, and 5 had a blurred or blocked image, and read as follows:

  - "Just a minute and a half of me getting my ass slapped with paddles [] enjoy"

  - "I'm down to meet up if you are [devil emoji]"

  - "I want to be fucked like I'm a doll. I know my place."

  - "A little POV never hurt anybody [yum emoji] I think I want to be strapped down, blindfolded, and played with per YOUR requests. Let me know! [pink hearts emoji]"

- Screenshot 6 contained a description of victim: "I'm 24, Russian, a gymnast, fetish friendly, and a spicy content creator! I like to engage

---

[1] At trial, the superior court amended 1 of the counts of sexual assault to attempted sexual assault at the State's request.

with my audience and hear what you'd like to see. I upload dai . . . ."[2]

**¶8**        The superior court held an evidentiary hearing on the motion in limine. The superior court granted the State's motion in part, precluding Ellis from using the screenshots unless the victim's testimony at trial opened the door.

**¶9**        At trial, the victim testified consistently with the above description of events and said the agency she worked for did not advertise prostitution. During this testimony, the victim mentioned she tried to loosen the duct tape off her mouth by trying to get it wet. On cross-examination, Ellis's counsel argued this testimony opened the door to questioning her past sexual experiences. The superior court disagreed.

**¶10**        The jury convicted Ellis on 1 count of kidnapping, 2 counts of sexual assault, and 1 count of aggravated assault. The superior court sentenced Ellis to consecutive, greater-than-presumptive 8-year flat terms for the sexual assault counts with presentence incarceration credit of 293 days. It also imposed 7 years of supervised probation for the kidnapping count and 3-years supervised probation for the aggravated assault count, with those terms to run concurrently.

**¶11**        The court has jurisdiction over Ellis's timely appeal under Article VI, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21.A.1, 13-4031, and -4033.A.

## DISCUSSION

**¶12**        Ellis argues the superior court violated his due process, fair trial, and Confrontation Clause rights when it precluded the screenshots and testimony about victim's sexual history. The court reviews for abuse of discretion of the superior court's evidentiary rulings. *State v. Inzunza*, 234 Ariz. 78, 83 ¶ 18 (App. 2014). The superior court abuses its discretion if "no reasonable judge would have reached the same result under the circumstances." *State v. Armstrong*, 208 Ariz. 345, 354 ¶ 40 (2004) (citation omitted). The court need not reach Ellis's constitutional claims if the superior court properly excluded the evidence at trial. *State v. Davis*, 205 Ariz. 174, 179 ¶ 33 (App. 2002).

---

[2] The screenshot itself ends as it appears in the text here.

I. **Though Ellis frames his argument as 2 issues, the threshold issue for both is whether the superior court abused its discretion in excluding the screenshots under A.R.S. § 13-1421.**

¶13 The legislature enacted A.R.S. § 13-1421 as a protective measure to limit a defendant's ability to introduce evidence about a victim's past sexual history in sexual offense prosecutions under Title 13, Chapters 14 and 35.1, and under section 13-3212. *See State v. Gilfillan*, 196 Ariz. 396, 401–02 ¶¶ 15, 20 (App. 2000). Section 13-1421 "implicates the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and article 2, sections 4 and 24 of the Arizona Constitution to the extent that it operates to prevent a criminal defendant from presenting relevant evidence, confronting adverse witnesses and presenting a defense." *Id.* at 402 ¶ 20. But section 13-1421 ensures other legitimate interests in a criminal trial process are accommodated, and balances competing interests by "provid[ing] procedural safeguards to admit evidence of the victim's prior sexual activity." *Id.* at 402–03 ¶¶ 21–22.

¶14 Ellis bore the burden of proving by clear and convincing evidence the screenshots' admissibility under subsection 13-1421.B. Clear and convincing evidence ensures "the existence of the issue [is] propounded 'highly probable.'" *State v. King*, 158 Ariz. 419, 424 (1988) (quoting *In re Neville*, 147 Ariz. 106, 111 (1985)); *see also State v. Vega*, 228 Ariz. 24, 29 ¶ 19 n.4 (App. 2011) (establishing "a high probability that a proposition is true" is needed to meet the clear and convincing evidence standard).

¶15 Section 13-1421 allows courts to admit "[e]vidence of specific instances of the victim's prior sexual conduct" when the evidence falls into 1 of 5 categories. A.R.S. § 13-1421.A. Ellis argues the superior court erred by not admitting the evidence under paragraph A.3, which allows the superior court to admit "[e]vidence that supports a claim that the victim has a motive in accusing the defendant of the crime." He also relies on paragraph A.4, which allows the superior court to admit "[e]vidence offered for the purpose of impeachment when the prosecutor puts the victim's prior sexual conduct in issue."

¶16 The superior court may admit evidence under paragraph A.3 and A.4 only if it "finds the evidence is relevant and is material to a fact in issue in the case and that the inflammatory or prejudicial nature of the evidence does not outweigh the probative value of the evidence." A.R.S. § 13-1421.A; *see State v. Herrera*, 232 Ariz. 536, 549 ¶ 38 (App. 2013) (quoting A.R.S. § 13-1421). Evidence is relevant if it tends to prove or disprove a

material fact. Ariz. R. Evid. 401; Ariz. R. Evid. 402; *cf.* Ariz. R. Evid. 403 (allowing courts to exclude relevant evidence if the evidence's "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence"). Though similar to Rule 403, Arizona Rules of Evidence, subsection A of section 13-1421's required assessment differs from Rule 403's standard.

¶17        Under section 13-1421, the record must show the superior court weighed "whether the inflammatory or prejudicial nature of the evidence did not outweigh its probative value" was assessed when deciding admissibility. *State ex rel. Montgomery v. Padilla*, 238 Ariz. 560, 564 ¶ 14 (App. 2015). Under Rule 403, the superior court may exclude relevant evidence if its "probative value is <u>substantially</u> outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." (emphasis added). So though similar, section 13-1421 and Rule 403's prejudice are not the same. The superior court thus may exclude the evidence under section 13-1421 without conducting the more stringent Rule 403 "substantially outweighed" test.

**II.    Ellis waived his A.R.S. § 13-1421.A.3 argument—evidence shows "the victim has a motive in accusing the defendant of the crime"— because he did not reassert it at trial or in his opening brief on appeal.**

¶18        During the evidentiary hearing, Ellis argued the screenshots were admissible under A.R.S. § 13–1421.A.3. Ellis argued the superior court should allow him to introduce the evidence in his case-in-chief. *See State v. Castro*, 163 Ariz. 465, 471–72 (App. 1989). Under *Castro*, a defendant may introduce evidence of a victim's sexual history to show the victim's motive to fabricate an allegation. *Id.*

¶19        The superior court rejected his argument at the pre-trial hearing:

> THE COURT: How does the screenshots, though—how do those come in under number three?
>
> MR. CATES: Well, it probably doesn't come in under number three.
>
> THE COURT: Okay. Then we're in agreement there.

MR. CATES: Right.

THE COURT: Okay.

**¶20** Ellis did not attempt to introduce the screenshots under paragraph A.3 at trial. Even assuming Ellis's pre-trial argument is sufficient for Ellis to preserve the A.3 issue for appeal (*see State v. Rendel*, 18 Ariz. App. 201, 206 (1972)), Ellis waived the issue by waiting until his reply brief to raise it (*State v. Watson*, 198 Ariz. 48, 51 ¶ 4 (App. 2000)).

**¶21** Under Rule 31, Arizona Rules of Criminal Procedure, the opening brief must cite any legal authority and make any substantive argument. *See* Ariz. R. Crim. P. 31.10(a)(7)(A) ("appellant's contentions with supporting reasons for each contention, and with citations of legal authorities and appropriate references to the portions of the record on which the appellant relies."). And a party who fails "to develop and support [the party's] conclusory arguments" waives those claims. *Boswell v. Fintelmann*, 242 Ariz. 52, 54 ¶ 7 n.3 (App. 2017). Longstanding precedent also establishes conclusory arguments, without more, are insufficient. *See Modular Sys., Inc. v. Naisbitt*, 114 Ariz. 582, 587 (App. 1977); *Merrill v. Wheeler*, 17 Ariz. 348, 350 (1915). As *Modular System* explained, "issues are deemed abandoned" when an opening brief "fail[s] to state with any particularity why or how the trial court erred" and "simply concludes that error was committed." 114 Ariz. at 587.

**¶22** Ellis thus waived the argument.

**III.** **The superior court did not abuse its discretion when it precluded the screenshots under A.R.S. § 13-1421.A.4 — evidence offered for the purpose of impeachment when the prosecutor puts the victim's prior sexual conduct in issue.**

**¶23** Ellis contends the superior court abused its discretion under paragraph A.4 when it ruled the State and the victim did not open the door to allow Ellis to introduce evidence of the victim's prior sexual conduct. When ruling on the State's motion in limine, the superior court expressly held open whether Ellis could rely on paragraph A.4 to admit evidence of the victim's prior sexual acts, saying it is "really really going to depend on what was asked" and the victim's answer.

**¶24** At the evidentiary hearing, the superior court outlined safeguards on how it would proceed at trial. The superior court said it would allow Ellis to introduce the screenshots under paragraph A.4 at trial if the State opened the door by putting the victim's sexual conduct at issue.

To avoid opening the door, the superior court emphasized counsel must "get creative and be careful" when questioning the victim. And the superior court instructed Ellis to raise the issue if he believed, based on the State's questions and the victim's answers, the State opened the door.

¶25 At trial, the victim testified about how she removed the duct tape from her mouth: "if you open your mouth with duct tape, it eventually will come off or loosen." Ellis neither objected nor asked to approach the bench at the time. Instead, the following happened during Ellis's cross-examination of the victim:

> Q: Now, you seem to have quite a bit of knowledge about duct tape, like that if it gets wet, it gets loose. You know how to loosen it and stuff. Have you had previous experience with duct tape?

> The State: Judge, I'm going to object. We've already gone over this.

> The Court: Sustained.

Only after this interaction did Ellis's counsel ask to approach the bench for a sidebar.

¶26 In the sidebar, Ellis argued the victim's testimony about her "knowledge about duct tape" implied she had experience with being bound during prior sexual acts and thus opened the door to introduce the screenshots. First, at no point did Ellis move to introduce the screenshots. Indeed, he did not even mention them. He instead argued he wanted to explore why she "knows how duct tape works." The superior court denied Ellis's motion and noted the victim did not say she "knows how duct tape works." Rather, the superior court said victim's testimony about how she loosened the duct tape was "frankly in the realm of common knowledge." Ellis argued the victim answered yes to his question about her experience with duct tape. Not true. The transcript shows the victim did not answer Ellis's question because the State objected and the superior court sustained the objection. And even if the victim had answered, the question itself was from Ellis's counsel. The State was not opening the door.

¶27 In his briefing, Ellis also argues the superior court wrongly "precluded Ellis's evidence of consent when counsel questioned [victim] if she had ever engaged in acts of prostitution." Not true. Rather, Ellis asked the victim: "And so it's your testimony here today that there was no intention of prostitution whatsoever?" The victim answered "No." Ellis did

not re-urge his section 13-1421 arguments to the superior court, thus waiving the argument.

**¶28** At bottom, Ellis asks the court to reweigh the evidence, which the court will not do. *Lee*, 189 Ariz. at 603. Based on the court's review of the record and viewing the facts in the light most favorable to affirming the superior court's ruling, the superior court did not err by finding Ellis failed to carry his burden under subsection 13-1421.B. The court thus need not reach Ellis's constitutional claims. *Davis*, 205 Ariz. at 179 ¶ 33.

## CONCLUSION

**¶29** The court affirms.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR